## DEXTER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 6, 1926.)

No. 4658.

1. Intoxicating liquors ☞249—Seizure of articles found on search of premises without warrant, after seeing barrels of mash, held not illegal.

Where prohibition agents, while at defendant's well with his consent, saw barrels of mash in a shed, seizure of mash, whisky, and still found on a further search of the premises without a warrant was not illegal.

2. Criminal law ☞200(4)—Conviction for illegal manufacture precludes sentence for possession of both liquor and still under separate counts.

A defendant, convicted of illegal manufacture of liquor, cannot also be sentenced, under separate counts, of unlawful possession of either the liquor or still.

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Criminal prosecution by the United States against Robert Dexter. Judgment of conviction, and defendant brings error. Affirmed, but remanded for proper sentence.

W. K. Zewadski, Jr., and Jo. Johnson, both of Tampa, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and N. J. Morrison, Sp. Asst. Atty. Gen. (H. R. Gamble, Sp. Asst. Atty. Gen., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an indictment in four counts against Robert Dexter. The first count charges the possession, the second count the manufacture, and the third count the possession of a still and distilling apparatus designed for the manufacture, of intoxicating liquor, all in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The fourth count charges that defendant did unlawfully and knowingly make and ferment a wash, wort, and mash fit for distillation and for the production of distilled spirits and alcohol in a building other than an authorized distillery, in violation of Revised Statutes, § 3282 (Comp. St. § 6022). There was a conviction on each count, and defendant was sentenced to pay a fine of $100 on each of the first, second, and third counts, and to imprisonment for a year and a day on the fourth count.

[1] According to the government's evidence, two prohibition agents stopped by Robert

Dexter's field. One of them asked him if he could get some water, and, upon receiving an affirmative reply, went into the yard and to a pump which was near a shed. He saw six barrels of mash in the shed, and asked defendant if he owned them. Defendant admitted that he did. He was then asked if it would be necessary to get a search warrant, and replied in the negative. Then the officers found some more mash, some whisky, and a copper still in operation. Defendant did not deny ownership, but testified that he did not give permission to search his premises. The officers had the right to make the seizure without a search warrant. McBride v. United States (C. C. A.) 284 F. 416; Tritico v. United States (C. C. A.) 4 F.(2d) 664; Schulte v. United States, 11 F.(2d) 105 (Fifth Circuit, present term).

[2] Defendant should not have been sentenced on the first and third counts, as they were included within the second count, which charges the manufacture of intoxicating liquor. Tritico v. United States, supra.

The judgment is affirmed, but the cause is remanded for proper sentence.