## Case No. 15,120.

### UNITED STATES v. FLECKE et al.

[2 Ben. 456: 7 Int. Rev. Rec. 206.] [1]

District Court, S. D. New York. June, 1868.

INTERNAL REVENUE—DISTILLING—AUTREFOIS ACQUIT.

1. Where the defendants had been indicted under the twenty-third section of the internal revenue act of July 13, 1866 [14 Stat. 153], for knowingly carrying on the business of a distiller, on June 22, 1867, without having paid the special tax, on which indictment they were tried and acquitted, the ground of the acquittal being that they were not the principals who were bound to pay the tax, and were afterwards indicted under the twenty-fifth section of the same act, for knowingly using a still for the purpose of distilling, in a certain dwelling-house, on June 22, 1867, the evidence on the trial of the first indictment showing that the place of the offence charged was this same dwelling-house:

2. *Held,* that a plea of autrefois acquit, founded on the acquittal under the first indictment, could not be sustained.

3. That the tests as to whether such a plea can be sustained are, whether the defendants could, under the earlier indictment, have been convicted of the offence embraced in the later one, and whether the evidence necessary to support the later indictment was sufficient to produce a legal conviction on the earlier one.

[This was an indictment against Christopher Flecke, John Flecke, and Henry Hildebrand for violating certain internal revenue acts.]

B. K. Phelps, Asst. Dist. Atty., for the United States.

J. Lux, for defendants.

BLATCHFORD, District Judge. The defendants are indicted by an indictment found April 29, 1868, under section 25 of the internal revenue act of July 13, 1866, for knowingly using a still for the purpose of distilling, in a certain dwelling-house situated at No. 189 Essex street, in the city of New York, on the 22d of June, 1867. They plead specially a plea of autrefois acquit, in this, that they have heretofore been indicted in the circuit court for this district, by an indictment found December 23, 1867, under section 23 of the same act, for knowingly carrying on in this district the business of a distiller, on the 22d of June, 1867, without having paid the special tax in that behalf required by the statutes of the United States, and that they have been tried on the indictment first found and acquitted. The earlier indictment specified no place where the business was carried on except this district generally, but it appears that the evidence given on the trial of that indictment showed that the place was the same dwelling-house specified in the later indictment, and that the ground of acquittal was, that the defendants were not principals in the business, and were not properly to be regarded as carrying on the business, and were not the persons bound to pay the special tax, and therefore were not within the twenty-third section. The twenty-third section provides, that if any person shall carry on the business of a distiller, without having paid the special tax as required by law, he shall for every such offence be liable to a fine of not less than double the tax imposed upon the spirits distilled by such person, or found upon the premises where the business is carried on in violation of the section, and to imprisonment for a term not exceeding two years. The twenty-fifth section provides, that no person shall use any still for the purpose of distilling in any dwelling-house, and that every person who shall use such still for the purpose of distilling in any dwelling-house, shall forfeit such still and all the spirits distilled, and pay a fine of one thousand dollars, or be imprisoned for not more than one year, in the discretion of the court.

I do not think there is any thing in the earlier indictment. or in the fact that the defendants were acquitted on it, to prevent their being indicted by the later indictment and being tried under it. The defendants could not, under the earlier indictment, have been convicted of the offence embraced in the later one, nor would the evidence necessary to support the later indictment have been sufficient to produce a legal conviction upon the earlier one. These are the proper tests as to whether the plea of a former conviction or a former acquittal is good or bad. Whart. Cr. Law (2d Ed.) pp. 196–199. Proof on the trial of the earlier indictment, that the defendants used a still for the purpose of distilling in a dwelling-house on Essex street, would not have been sufficient to convict them, under that indictment. of carrying on the business of a distiller, without having paid the special tax required by law; nor would it have been available to convict them, under that indictment, of having used a still for the purpose of distilling in a dwelling-house, because such earlier indictment contained no such charge. The offence created by the twenty-fifth section, is not a minor offence included in the offence created by the twenty-third section, as a greater offence so as to authorize, on an indictment for the offence created by the twenty-third section, a conviction for that created by the twenty-fifth section. The plea is, therefore, overruled.

---

[1] [Reported by Robert D. Benedict. Esq., and here reprinted by permission. 7 Int. Rev. Rec. 206, contains only a partial report.]

UNITED STATES (FLETCHER v.). See Cases Nos. 4,868 and 4,869.