## UNITED STATES v. KOMIE.

### (District Court, N. D. Illinois, E. D. March 12, 1912.)

### No. 4,894.

CRIMINAL LAW (§ 200*)—ISSUANCE OF MONEY ORDERS—DIFFERENT OFFENSES—FORMER CONVICTION.

Pen. Code (Act March 4, 1909, c. 321, 35 Stat. 1129 [U. S. Comp. St. Supp. 1909, p. 1453]) § 210, provides that whoever, being a postmaster or other person employed in any branch of the postal service, shall issue a money order without having received the money therefor, shall be fined, etc.; and section 218 declares that whoever, with intent to defraud, shall issue any money order without having previously received or paid the full amount of money therefor, etc., shall be convicted. Accused was indicted for issuing three of seven money orders at the same time, in two counts, one under each section, after which he was allowed to withdraw a plea of not guilty, and all the counts were nolled except one, charging the issuance of three of the orders under section 210, on which he was convicted and fined. He was thereafter indicted for issuing the other four, to which he pleaded former conviction. *Held,* that the issuing of a money order in violation of section 210 was not the same offense as the issuing of the orders in violation of section 218; and hence the plea was not good as to the counts charging an offense under the latter section.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 347, 386–409; Dec. Dig. § 200.*]

Emanuel Komie was indicted for putting out certain postal money orders without having received the money therefor, and he pleaded autrefois convict, to which the government demurred. Demurrer sustained.

James H. Wilkerson, U. S. Dist. Atty.
Seymour N. Cohen, for defendant.

SANBORN, District Judge. Demurrer to plea in bar to an indictment filed February 9, 1912, charging the issuance of four postal money orders by defendant as postal clerk without having received the money therefor. It appears from the plea that defendant issued seven money orders at the same time to the same person. He was indicted November 23, 1911, for issuing three of the seven. To the second indictment for issuing the other four, he pleads autrefois convict. The putting out of each order is made the subject of two counts, one under section 210, and the other under section 218, of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1129, 1131 [U. S. Comp. St. Supp. 1909, pp. 1453, 1457]). The question is whether it is the act of issuing an order or orders which is denounced, or the putting out of each order. The statutes in question read as follows:

"Sec. 210. Whoever, being a postmaster or other person employed in any branch of the postal service, shall issue a money order without having received the money therefor, shall be fined not more than five hundred dollars."

"Sec. 218. Whoever, with intent to defraud * * * shall issue any money order or postal note without having previously received or paid the full amount of money therefor, with the purpose," etc.

The act of 1883 (Act March 3, 1883, c. 123, 22 Stat. 527, 5 Fed. Stat. Ann. 943 [U. S. Comp. St. 1901, p. 2743]) limits the amount of each order to $100.

Examination of the plea of former conviction, and of the first indictment of 1911 (a copy being attached to the plea), shows that defendant was indicted under sections 210 and 218 for issuing three of the seven money orders. His first plea was not guilty. Afterwards he was allowed to withdraw the plea, and, upon a nolle being entered on all counts except the first, he pleaded guilty to that count, and was sentenced to pay a fine of one cent and costs, which he thereupon satisfied by full payment, and was discharged accordingly. It thus appears that defendant was sentenced and punished only under section 210, and not under section 218, and that different proof is required to sustain a conviction under the two sections referred to.

The question, then, is whether the conviction for issuing one order, charged as a violation of section 210, and not also of section 218, bars a prosecution for issuing four other orders under both sections. The proper rule to be applied, I think, is that where an offense is in violation of two or more statutes, and different proof is required to convict under one, different elements or grounds being involved in each, a conviction or acquittal under one statute is not a bar to a prosecution under the other. Carter v. McClaughry, 183 U. S. 365, 389, 22 Sup. Ct. 181, 46 L. Ed. 236; U. S. v. Harmison, 26 Fed. Cas. No. 15,308; 3 Sawy. 556; Morey v. Commonwealth, 108 Mass. 433; Burton v. U. S., 202 U. S. 344, 381, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Gavieres v. U. S., 220 U. S. 338, 343, 31 Sup. Ct. 421, 55 L. Ed. 489.

Defendant, having pleaded guilty to the offense of issuing a single money order under section 210, cannot be put on trial again under that section for issuing the six other orders, because they were issued at the same time, to the same person, and by a single act. But he may be prosecuted for issuing the same orders, or any one or more of them, as an offense against a different statute covering different elements and requiring additional proof. It follows that the plea of former conviction should be sustained as to the first four counts, since they show an offense against section 210 alone. As to the other four counts, charging violations of section 218, the plea should be overruled.

The demurrer to the plea is overruled in respect to the first four counts, and sustained as to the last four.

It appears from the plea that the four orders covered by the last indictment were made payable to the Interstate Audit Company, and the three covered by the first were made payable to G. H. Somers. The plea, however, states that all the orders were issued and delivered to the same person, at the same time and place, payment therefor made at the same time and place, and that the offenses charged in both indictments are identical in all respects.