## UNITED STATES v. WATSON.

(District Court, N. D. Florida, at Pensacola. May Term, 1920.)

1. **Constitutional law ☞42—Witness subpœnaed cannot question constitutionality of statute.**

    A witness duly subpœnaed to testify before a grand jury is not entitled to raise the question of the constitutionality of the statute authorizing the investigation or the authority of the grand jury to call witnesses to ascertain any infraction of such statute.

2. **Searches and seizures ☞7—Subpœna duces tecum not unreasonable search and seizure.**

    A subpœna duces tecum, issued by a grand jury investigating violations of Lever Act Aug. 10, 1917, § 4, as amended by Act Oct. 22, 1919, § 2, to an officer of a corporation, requiring him to produce all invoices received by the corporation "covering shipments of shoes of all grades and kinds to said corporation since July 1, 1919, including all books of account and invoices covering stocks of shoes now on hand," *held* not so broad and general as to amount to an unreasonable search and seizure, in violation of the Fourth Amendment to the Constitution.

3. **Witnesses ☞16—Officer of corporation amenable to subpœna duces tecum.**

    An officer of a corporation is amenable to a subpœna duces tecum, when not unreasonable in its scope.

At Law. Proceeding by the United States against W. W. Watson. On answer of W. W. Watson, witness summoned before the grand jury, inquiring in and for the body of the Northern District of Florida, on subpœna duces tecum requiring testimony of said party and production of certain records of Watson, Parker & Reese Company, a corporation, filed in response to a rule nisi issued and served upon a presentment by the above grand jury, at the May, A. D. 1920, term of the District Court at Pensacola, Florida. Answer to the rule nisi held to state no defense.

John L. Neeley, U. S. Dist. Atty., and George Earl Hoffman, Asst. U. S. Dist. Atty., both of Pensacola, Fla.

W. H. Watson and Samuel Pasco, Jr., both of Pensacola, Fla., for defendant.

SHEPPARD, District Judge. This matter grows out of an investigation undertaken by the grand jury at the May term, 1920, of this court to investigate any unreasonable rate or charge for any necessaries

pursuant to the Act of August 10, 1917, as amended by the Act of October 22, 1919, c. 80, § 2, 41 Stat. 298, which reads as follows:

"That it is hereby made unlawful for any person willfully * * * to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries. * * * Any person violating the provisions of this section shall be fined not exceeding five thousand dollars," etc.

The amendment of October 22, 1919, referred to, included among the necessaries described wearing apparel. This amendment, as shown, provides a penalty, and after its adoption, October 22, 1919, a violation of the act constitutes a criminal offense. The grand jury, proceeding under the authority of the amendment, issued a subpœna to W. W. Watson to—

"produce all and sundry the invoices received by Watson, Parker & Reese Company, a corporation, covering shipments of shoes of all grades and kinds to said corporation since July 1, 1919, including all books of account and invoices covering stocks of shoes now on hand."

The matters in controversy arise upon the answer of the said W. W. Watson, president of the corporation, which challenges the authority of the grand jury to make the attempted investigation: (1) Because the law, the so-called Lever Act, is unconstitutional and void; (2) because the subpœna calling for the books and invoices of the corporation is so broad and general in its terms as would amount to an unreasonable search and seizure, in violation of the corporation's rights under the Fourth Amendment to the Constitution of the United States; (3) that the matters proposed for personal interrogation of the witness Watson are so vague and indefinite as would violate and encroach upon the privilege of the witness under the Fifth Amendment, which furnishes immunity from self-incrimination.

[1] The first general proposition that the statute (Lever Act) under which the grand jury was acting in the attempt to investigate the rates and charges made for necessaries by Watson, Parker & Reese Company, a corporation, is unconstitutional and void, is premature at this time, and may not in such a proceeding be raised by the defendant, since it has been held by the Supreme Court that a witness duly subpœnaed to testify before a grand jury is not entitled to be heard upon an exception to the jurisdiction of the court, and is not entitled to raise any question about the constitutionality of the act authorizing the investigation or the authority of the grand jury to call before it a witness to ascertain any infraction of such statute. Blair v. United States, 250 U. S. 273, 39 Sup. Ct. 468, 63 L. Ed. 979.

[2] The further the contention is made that the requirements of the witness' subpœna to produce "all and sundry the invoices received by Watson, Parker & Reese Company, a corporation, covering shipments of shoes of all grades and kinds to said corporation since July 1, 1919, including all books of account and invoices covering stocks of shoes now on hand," is so general and sweeping as to be tantamount to an unreasonable search and seizure of the company's records, and would violate the immunity of the Fourth Amendment. It is urged with forensic zeal and confidence, and the argument is not without

266 F.—47

merit, if the terms of the subpœna would, as is asserted, amount to a dragnet for evidence against the company. It also is objected that to comply with the requirements of the subpœna would for all practical purposes denude the offices of the company of its records, except its individual ledgers. The answer avers that the company is engaged in a general merchandise business, and that there are no separate books of account kept by the company in connection with its shoe department, and that to comply with the subpœna would compel the company to transfer all its records to the grand jury room.

Hale v. Henkel, 201 U. S..43, 26 Sup. Ct. 370, 50 L. Ed. 652, is invoked as authority against the broad and comprehensive character. of the subpœna, and in that case it was held that a corporation is merely a collective body of individuals with a definite legal entity, and by its incorporation waives no constitutional immunity, and, although it cannot refuse to produce its books and papers, is entitled to the privilege against unreasonable search and seizure; but from comparison of the instant subpœna with the general terms and indefinite scope of the subpœna in the Hale Case it may be seen the latter was far more general and searching in character, in that it called for—

"all understandings, agreements, arrangements, or contracts, whether evidenced by correspondence, memoranda, formal agreements, or other writings, between the particular corporation and six others, from the date of its organization, as well as all correspondence, by letter or telegram, between the corporation and six other firms, also all reports and accounts rendered by the six companies to the principal company, and any agreements or arrangements, however evidenced, between the corporation and four other named companies, and all letters received by the corporation since its organization from thirteen other companies named, and located in different parts of the country, together with all correspondence with such companies."

It will be noted that this subpœna duces tecum was without limitation,. but was obviously a fishing expedition for about everything, irrespective of relevancy, and was clearly repugnant to what seems to be the judicially adopted test of reasonableness in such requirements. It was held in the Hale Case that this requisition by the grand jury was so general as would amount to an. unreasonable search and seizure, and therefore plainly indefensible. It will be observed in that case that there was no such particularization as here, namely, to invoices and books of account pertaining to the one single subject, shoes. Here no other documents of the Watson, Parker & Reese Company are sought, save those having reference to shoes on hand and those purchased from a date certain. That it may be inconvenient or work a temporary hardship to produce the invoices, because they may be indiscriminately filed with other records in the office and would require time to locate them, or that the record evidence of the shoes in stock may be intermingled with accounts of other commodities carried or handled by the corporation, does not appear to render the task of producing them so impracticable or difficult as to make compliance with the subpœna so unreasonable as to amount in the present investigation to an unlawful seizure. The law, it is said, takes no account of the difficulties which a party may have in producing his testimony. The inquisitorial authority of a grand jury should not be lim-

ited, impeded, or thwarted by what may appear to the witness as impracticable or irrelevant. A production of the invoices from the date specified and such books of account as would disclose stocks of shoes on hand, or such portions of the books of account as would furnish the required information, might suffice the test of reasonableness and furnish adequate compliance.

[3] That an officer of a corporation is amenable to the requirements of the subpœna duces tecum when not unreasonable in its scope is now too well settled to admit of question, the corporation not enjoying the same immunity as private persons under the ægis of the Fifth Amendment against self-incrimination. Hale v. Henkel, supra; Wilson v. United States, 221 U. S. 361, 31 Sup. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558. It is not meant, of course, by this, that incriminating evidence disclosed by the records of a corporation could be used in a prosecution against an officer of the corporation as such over his objection. Silverthorn Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. ——. By the weight of judicial construction it is settled that Congress has visitorial authority over corporations of state organization in vindication of its own laws, and the inhibition of unreasonable rates and charges by those dealing in necessaries may warrant such investigation as might disclose evidence of infractions of the statute, and for the duration of the war corporations may be required to submit their books to the grand jury for their scrutiny, when the subpœna is specific and properly limited in its scope, and this duty or requirement of an officer of the corporation he may not refuse, even though he kept the books and the disclosures might tend to incriminate the officer, notwithstanding his constitutional privilege to refuse to answer questions which would tend to incriminate him personally. Wilson v. United States, 221 U. S. 361, 31 Sup. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558.

Sufficient, therefore, is indicated by what has been said that the subpœna duces tecum directed to W. W. Watson is not subject to the objections interposed by the answer. The nature of the questions propounded to the witness which are objected to is not presented by the record, but enough is said to make clear the rights and privileges of the officer producing the documents called for, that he will not be required by the subpœna to produce any documents or records of a private or personal nature, or disclose any parts of any documents, books, or records which may be of a personal character, and which might be used in evidence against such officer or person, or answer any questions during the investigation of the grand jury which would tend to violate his constitutional exemption from self-incrimination.

Concluding, therefore, the answer of the witness to the rule to show cause sets up no sufficient defense, the motion to strike the answer will be granted, and an order entered directing W. W. Watson, president of the Watson, Parker & Reese Company, a corporation, to obey the subpœna duces tecum by producing the documents called for.