## UNITED STATES v. OWEN et al.

District Court, N. D. Illinois, E. D.   July 6, 1927.

### No. 15453.

**1. Criminal law ⟩177—Order quashing or dismissing indictment, or sustaining demurrer thereto, is not such jeopardy as will bar subsequent prosecution for same offense.**

It is quite generally recognized that an order quashing an indictment, or dismissing it, or sustaining a demurrer, with result that defendant is thereby discharged, does not constitute such jeopardy as will bar a prosecution on a subsequent indictment for the same offense.

**2. Criminal law ⟩170—Defendant, securing decision that indictment was invalid, is estopped, when subsequently indicted, to assert that former indictment was valid.**

If accused secures a decision that the indictment is invalid, he is estopped, when subsequently indicted, to assert that former indictment was valid, irrespective of whether order quashing indictment or sustaining demurrer was entered before or after jury was sworn.

**3. Criminal law ⟩177—Court's action with respect to particular count held not a placing of defendants in jeopardy, barring subsequent prosecution on identical count (Criminal Code, §§ 85, 117 [Comp. St. §§ 10253, 10287]; Const. Amend. 5).**

Where court, in prosecution under indictment in three counts, charging conspiracy to sell illegally sacramental wine, conspiracy to transport illegally wine, and conspiracy on part of defendant prohibition director and others, whereby prohibition director was to accept and receive money to influence his official action, in violation of Criminal Code, § 117 (Comp. St. § 10287), required government to elect between first two counts and third count, and sustained demurrer to third count, and where defendants were acquitted on counts 1 and 2, held, in subsequent prosecution under two counts, the first charging conspiracy to violate extortion statute (Criminal Code, § 85 [Comp. St. § 10253]), and the second being identical with third count in former prosecution, court's action in former prosecution, with reference to third count therein, did not amount to placing of defendants in jeopardy, under Const. Amend. 5, or bar the second prosecution.

**4. Criminal law ⟩200(6)—Prosecution for conspiracies to illegally sell and transport sacramental wine held not bar to prosecution for conspiracies to violate bribery and extortion statutes, on theory that only one conspiracy was involved (Criminal Code, §§ 85, 117 [Comp. St. §§ 10253, 10287]).**

Prosecution and acquittal on charges of conspiracy to sell and transport illegally sacramental wine held not bar to prosecution for conspiracy to violate extortion statute (Criminal Code, § 85 [Comp. St. § 10253]), or bribery statute (Criminal Code, § 117 [Comp. St. § 10287]), on theory that but one conspiracy was charged, and that various counts of each indictment were merely different parts of one conspiracy.

**5. Criminal law ⟩200(6)—Single conspiracy cannot be split up for purpose of prosecution.**

It is well recognized that one conspiracy cannot be, for purpose of prosecution, split into different conspiracies.

**6. Criminal law ⟩200(6)—Acquittal on charges of conspiracy to illegally sell and transport wine held not res judicata in prosecution for conspiracies to violate bribery and extortion statutes (Criminal Code, §§ 85, 117 [Comp. St. §§ 10253, 10287]).**

Acquittal on charges of conspiracies to illegally sell and transport sacramental wine held not res judicata in subsequent prosecution, based on same evidence, for conspiracy to violate extortion and bribery statutes (Criminal Code, §§ 85, 117 [Comp. St. §§ 10253, 10287]).

Criminal prosecution by the United States against Percy Owen and others. On separate pleas in bar of named defendant and another. Pleas overruled.

George E. Q. Johnson, U. S. Atty., H. R. Gamble, and Leo Klein, all of Chicago, Ill., for the United States.

Joseph R. Roach and David D. Stansbury, both of Chicago, Ill., for defendants Owen and Mason.

LINDLEY, District Judge. Defendants Owen and Mason have filed their separate pleas in bar to the prosecution of the indictment of two counts returned herein, alleging that such prosecution will result in their being in jeopardy a second time, and that the judgment upon a former indictment is res adjudicata upon the charge in the present indictment. It has been stipulated that this hearing shall be upon the face of the record herein and the record in prior cause No. 14834, and, for the purpose of such hearing, that the evidence relied upon in the prosecution of this cause will be the same as that introduced in the former trial.

In the former prosecution the indictment consisted of three counts, the first of which charged a conspiracy to sell illegally sacramental wine; the second, a conspiracy to transport and deliver illegally such wine; and the third, a conspiracy upon the part of Owen, prohibition director, and the other defendants, whereby the said Owen was to accept and receive from them sums of money to influence his official action, in violation of section 117 of the Criminal Code (Comp. St. § 10287). This section in part provides, in substance, that whoever, being an officer of the United States, or person acting under authority of any department of the government, shall accept or receive any money with intent to have his decision or action upon any matter pending before him influenced thereby, shall be duly punished.

In the prosecution of the former cause, after the jury had been sworn to try the issues, the defendants moved that the court require the government to elect upon which of the said counts it would rely in the prosecution, alleging that the conspiracy charged in the third count, in view of the fact that it was directed against defendants in part different from those named in the first two counts, could not be tried with the first and second counts. The court allowed said motion. Thereupon the government elected to prosecute the first and second counts. Upon defendants' inquiry of the government as to whether it would dismiss the third count,

counsel for the government refused to dismiss the same, and stated that they were under no compulsion to make such dismissal. The court thereupon said: "No; the court sustains a demurrer to count 3." The cause was then tried upon counts 1 and 2 of said indictment, and the jury returned a verdict of acquittal.

Subsequently the present indictment was returned. Count 1 charges the defendants and others jointly with a conspiracy to violate section 85 of the Criminal Code (Comp. St. § 10253), which provides in part that every officer and employee of the United States, and every person who, under color of his office or employment by the United States, is guilty of extortion, shall be duly punished. The second count charges the same defendants with a conspiracy, whereby the defendant Owen, as prohibition director, should accept and receive large sums of money from applicants for withdrawal of sacramental wine, with the intent that the said defendant, in his official capacity, acting upon such applications, should be influenced thereby to approve the same. It appears that this count is in substance identical with count 3 included in the former indictment. The overt acts set forth in each of these counts are substantially the same as those of the several counts of the first indictment.

In view of the substantial identity of counts 2 in the present indictment and 3 in the former indictment, it is essential to determine first of all whether the action heretofore had upon said count 3 amounts to former jeopardy upon the charge embraced within count 2 of this cause. The constitutional provision here applicable is included in Amendment 5 in these words: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Apparently the basis for the court's action in the former prosecution was the lack of identity of defendants in counts 1 and 2 as compared with count 3, but it was urged also by the defendants' counsel at that time that the indictment was defective for the reason that defendant Owen could not conspire to influence himself, and the court may have had this thought in mind when it sustained the demurrer. It does not appear that the court entered any order other than to sustain the demurrer, and so far as the record shows count 3 of the former indictment is still pending before the court.

[1, 2] The court's action in sustaining the demurrer was relief granted the defendants at their request. It is quite generally recognized that an order quashing an indictment,

or dismissing the same, or sustaining a demurrer, with the result that the defendant is thereby discharged, does not constitute such jeopardy as will bar a prosecution upon a subsequent indictment for the same offense. If the accused secures a decision that the indictment is invalid, he is estopped, when subsequently indicted, to assert that the former indictment was valid. Courts quite generally in such cases allow a second prosecution, whether the indictment in the former prosecution was good or bad. See authorities collected in 16 C. J. 246. Nor does it seem to be of any importance in this connection whether the order quashing the indictment or sustaining the demurrer was entered before the jury was sworn or thereafter. See authorities cited in 16 C. J. 248.

In Simpson v. United States (C. C. A.) 229 F. 940, the Circuit Court of Appeals for the Ninth Circuit approved the action of the lower court in overruling a plea of former jeopardy wherein it was alleged that a previous indictment had been returned against the defendant charging the same crime; that is, the issuance of a fraudulent certificate of deposit of a national bank. The former indictment omitted to charge that the certificate of deposit was issued without authority from the directors. A plea of not guilty was interposed to that indictment, and the case came on regularly for trial. After the close of the testimony and the arguments to the jury, one of the counsel for defendants suggested to the court that the indictment was bad because it omitted the clause in question. The court thereupon, of its own motion, over the objection of the defendants, discharged the jury and remanded the defendants to abide the action of the grand jury. The Circuit Court of Appeals, in disposing of the matter, said: "Had there been an acquittal on the merits at the first trial, this case would fall directly within the decision of the Ball Case. But here there was no acquittal on the merits. The attention of the trial court was challenged to the sufficiency of the indictment before the jury retired to consider of their verdict, and this challenge was sustained, thus preventing the submission of the case to the jury at all. Neither under the decision of the Supreme Court, nor under any other authority that has been called to our attention, will a prosecution on a defective indictment, without an acquittal on the merits, bar a subsequent prosecution." The Supreme Court denied a writ of certiorari in 241 U. S. 668, 36 S. Ct. 552, 60 L. Ed. 1229.

In United States v. Rogoff (C. C.) 163 F. 311, the defendant was indicted for the crime of perjury in connection with an examination in his bankruptcy proceedings. After the jury had been sworn, motion to dismiss was made on the ground that the indictment did not show facts sufficient to constitute a crime, in that it was not alleged that the proceedings in bankruptcy were pending before any court. The court directed a verdict in favor of defendant, and a new indictment was then found, correcting the insufficiencies of the former one. The court there said: "The application of the plea of former jeopardy has suffered continual modification since it first arose as a plea at common law. Without attempting to trace these modifications, or to consider what the original scope of the plea was, it is sufficient to say that, if a person has not been placed in jeopardy by the trial upon an indictment against him, in which a verdict has been rendered, and upon which the verdict has been reversed upon appeal, it is difficult to see how the dismissal of an indictment before the case goes to the jury, when this dismissal is had upon the ground that no charge sufficient in law has ever been made against the defendant, can be said to have placed him in jeopardy. The entire transaction, from the finding of the indictment to the dismissal, is made a nullity, and the defendant comes before the court upon the second indictment as if the first charge had never been made."

Bishop reaches the conclusion that where, at any stage of the proceedings, the defendant procures the indictment to be quashed, he cannot in bar to a new trial assert that the first was good, and that he was in jeopardy under it. See Bishop on Criminal Law (9th Ed.) § 1027. Supporting this doctrine are the following cases: Joy v. State, 14 Ind. 139; State v. Priebnow, 16 Neb. 131, 19 N. W. 628; State v. Hart, 33 Kan. 218, 6 P. 288; Garza v. State, 39 Tex. Cr. R. 358, 46 S. W. 242, 73 Am. St. Rep. 927; Peterson v. State, 79 Neb. 132, 112 N. W. 306, 14 L. R. A. (N. S.) 292, 126 Am. St. Rep. 651; Anderson v. State, 86 Md. 481, 38 A. 938; Com. v. Sholes, 13 Allen (Mass.) 556; Cochrane v. State, 6 Md. 400; McKay v. State, 91 Neb. 281, 135 N. W. 1024, 39 L. R. A. (N. S.) 714, Ann. Cas. 1913B, 1034, and many other cases, cited in footnote to section 1021 of Bishop on Criminal Law (9th Ed.).

[3] The law, as it has developed under the common law and our constitutional provision, as applied to the facts before the court at this time, is clearly to the effect that the action of the court in the former trial, requiring an election and sustaining a demurrer, did not amount to placing defendants in

jeopardy upon the charges embraced in count 2 of the present cause and count 3 of the former indictment.

It also follows that the action of the court in the respect mentioned was not jeopardy of the defendants upon the charges contained in the first count of the present indictment, not only because everything that has been said concerning the second count would apply with equal force to the first count, but for the further reason that the offense charged in the first count of the present indictment is not identical in law with the charge in count 3 in the former indictment. That count charged the defendants with a conspiracy whereby the prohibition director would accept money for the purpose of influencing his official action. The first count in the present indictment charges a conspiracy whereby Owen would extort moneys from certain defendants under section 85 of the Criminal Code. That the two offenses are various, and not identical, is evident from a mere statement of the facts. It is apparent that, though the evidence might not be sufficient to show that the defendants conspired by the payment of moneys to influence the official action of the prohibition director, yet the evidence might be sufficient to show that the defendants conspired to violate the extortion statute. Consequently a prosecution upon a charge of conspiracy to violate the one will not affect the prosecution of a conspiracy upon the part of the defendants to violate the other statute.

[4, 5] This brings us to another question arising at this juncture, and that is the contention of the defendants that there has been but one conspiracy charged, and that the various counts of each indictment are merely charges of different parts of one conspiracy. It is well recognized that one conspiracy cannot be split up into various different conspiracies, but this doctrine does not apply to the instant case. The defendants were found not guilty of a conspiracy to violate the Prohibition Act (Comp. St. § 10138¼ et seq.); that is, a conspiracy to transport and sell intoxicating liquor illegally. It is apparent that the defendants might conspire to bribe the prohibition agent, or enter into a conspiracy whereby the prohibition agent was to extort money; yet, if the defendant who procured the permit, and sold the liquor, did so legally, there would be no conspiracy to violate the Prohibition Act; but there might clearly be a conspiracy to violate one of the other acts. The ingredients of one conspiracy are not those of the other. The proof necessary to convict of the charge of one conspiracy is not necessarily the proof that would support a verdict of guilty upon a charge on the other conspiracy.

The language of the Supreme Court of the United States in the case of Carter v. McClaughry, 183 U. S. 365, 22 S. Ct. 181, 46 L. Ed. 236, is pertinent in this connection. There, in discussing the identity of two indictments for conspiracy, the Supreme Court said: "The offenses charged under this article were not one and the same offense. This is apparent if the test of the identity of offenses that the same evidence is required to sustain them be applied. The first charge alleged 'a conspiracy to defraud,' and the second charge alleged 'causing false and fraudulent claims to be made,' which were separate and distinct offenses, one requiring certain evidence which the other did not. The fact that both charges related to and grew out of one transaction made no difference." See, also, Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Gavieres v. United States, 220 U. S. 338; Ebeling v. Morgan, 237 U. S. 625, 35 S. Ct. 710, 59 L. Ed. 1151; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153; Ex parte Lange, 18 Wall. 175, 21 L. Ed. 872; United States v. Flecke, 25 Fed. Cas. 1106, No. 15,120; United States v. Houston, 26 Fed. Cas. 379, No. 15,398; United States v. Homie (D. C.) 194 F. 567; Singleton v. United States (C. C. A.) 294 F. 891; Levin v. United States (C. C. A.) 5 F.(2d) 598.

The cases cited by the defendants in this connection are not applicable to the present situation. In Manning v. United States (C. C. A.) 275 F. 32, the charge in one count was conspiracy to sell opium, not in pursuance of written orders, on blanks furnished by the collector of internal revenue. The charge in the second indictment was a conspiracy that the defendant would sell drugs without prescriptions, or upon false prescriptions. In each instance the charge was that of a conspiracy to sell opium derivatives in violation of the law, and as the same evidence would have supported the verdict in each case the charges were identical. The same is true of United States v. Weiss (D. C.) 293 F. 992. The court there concluded that the conspiracy in the first indictment was identically that charged in the second count; that is, a conspiracy to sell and transport intoxicating liquor. In the case of Miller v. United States (C. C. A.) 4 F.(2d) 230, the court reasoned that a conspiracy to transport distilled spirits from a bonded warehouse illegally was in substance the same offense as a conspiracy to remove from the government bonded warehouse

distilled spirits, and that the defendant could not be prosecuted upon both charges for the same act.

The defendants have been acquitted upon the charge of conspiracy to transport and sell intoxicating liquor. They have not been in jeopardy upon a former charge of conspiring to violate the bribery statute, but are now brought into court upon a charge of conspiracy to violate the bribery statute, and a charge of conspiracy to violate the extortion statute. It may be that the proof will show that the defendants never conspired with these defendants to sell intoxicating liquor, and proof that they so conspired might be immaterial and irrelevant. One charge is whether the alleged conspirators had an understanding or agreement whereby one of the defendants should accept and receive money for influencing his decision in granting permits, even though said permits should be rightfully issued, and the other is whether they had an understanding or agreement whereby, before they obtained permission to sell wine for sacramental purposes, even though rightfully, they were compelled by means of extortion to deliver to the prohibition agent certain things of value. Defendants named in the indictment are not identical in toto with those named in the first two counts of the former indictment. The court there held that, because of this diversity in defendants existing at that time between counts 1 and 2, on the one hand, and count 3, upon the other, there was a misjoinder, and that the government must elect. This did not put the defendants in jeopardy upon the third count, but left them subject to prosecution in the same manner as if the third count in said indictment had not been included in the original indictment.

[6] Nor does the doctrine of res adjudicata apply to the situation before the court. There has been a finding of the jury that the defendants are not guilty of a conspiracy to transport and sell sacramental wine contrary to statute. There has been a finding of the court that the charge in a count like one of the present counts, in view of the fact it did not involve all of the same defendants, could not be joined with and tried by the same jury as the counts upon which they were found not guilty. This was undoubtedly a correct judgment, but, whether it was or not, it is not an adjudication that the defendants have not violated the law in the matter now charged, nor is it an adjudication that the overt acts charged in the former case, and now charged in the present case, were not committed. The jury may have believed in

the former case that each of the overt acts was committed, but that the conspiracy charged was not proved. There is no means by which it can be ascertained what facts were found to exist, and what facts were not found to exist by the former jury. Hence there is no estoppel by verdict, nor adjudication by judgment.

The pleas in bar will be overruled. The defendants may have an exception.