## UNITED STATES v. FRONTIER ASTHMA CO. et al.

### No. 4492–C.

District Court, W. D. New York.

Jan. 30, 1947.

George L. Grobe, U. S. Atty., and R. Norman Kirchgraber, Asst. U. S. Atty., both of Buffalo, N. Y., for plaintiff.

James O. Moore, Sr. and Dow Vroman, both of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

On October 16, 1946, a grand jury of this District reported an indictment charging the defendants with the violation of the mail fraud statutes. Title 18 U.S.C.A. § 338.

Defendants move to dismiss the indictment on the ground that in proceedings before the Federal Trade Commission of the United States these defendants were severally subpoenaed and compelled to testify respecting the transactions, matters and things set forth in the aforesaid indictment, that the testimony of the individual defendants in such proceedings was connected in a substantial way with the charges contained in the indictment and that such indictment is a prosecution of the individual defendants and subjects them to penalties and forfeitures for and on account of transactions concerning which they testified, and that it is unlawful and contrary to the provisions under Act of September 26, 1914, Chap. 311, sec. 9, 38 Stat. 722, 15 U.S.C.A. § 49.

The plaintiff makes a counter motion to dismiss the defendants' motion on several grounds to which particular reference will be hereinafter made.

The defendant Frontier Asthma Co. is a corporation organized in 1908 and was engaged in the manufacture and sale of a product alleged to be a treatment for the malady known as "asthma".

On or about October 25, 1939, the Federal Trade Commission of the United States commenced a proceeding against the above-named corporation and the individual defendants herein, and others who have since

died, charging them with acting in concert in devising a scheme and artifice to defraud in connection with the offering for sale a medical preparation for use in the treatment of asthma. The defendants answered on or about November 13, 1939, and, in 1941, the Commission served an amended and supplemental complaint which was the same as the original complaint, except as to the substitution of three individuals in place of three named in the original complaint. A Trial Examiner was named, the first hearing was held on April 3, 1943, and the last on October 21, 1944, when the testimony was closed, and the Trial Examiner made his report on November 24, 1944, in which he found the facts as charged in the complaint laid by the Commission. On September 12, 1946, the Commission entered a cease and desist order against the defendants in the proceeding, and this order was served on the defendants on September 26, 1946. We are not now concerned with a question as to the facts regarding the qualities, sale or distribution of the said treatment. As appears from the aforesaid order of the Federal Trade Commission the general plan employed in the sale of defendants' product was the insertion in various publications advertisements asserting the effectiveness of the product and offering a free trial sample to those answering the advertisement. Upon receipt of an answer, the Company sent a circular letter enclosing a so-called history blank and asking recipient to fill it in and return to the Company. Upon the return of the history blank, this was referred to one of the individual defendants, each of whom is a physician and was a stockholder of the corporation. Except upon a showing of certain specific physical conditions, the physician prepared a purported prescription, turned it in to the corporation which prepared a one ounce bottle of the preparation in accordance with the prescription, and sent it to the individual correspondent as a free trial sample. At the same time the physician to whom the history blank had been delivered sent a letter and recommendation of a regular course of treatment. If an order for the treatment was given, a full size bottle of the preparation was sent out.

The defendant Edward O. Spillman was the vice-president of the Frontier Asthma Co., and also the general manager for the Frontier Method Physicians, which latter organization included the other individual defendants herein, associated under the name "Frontier Method Physicians." The individual defendants, Spillman, Post, Partridge, and Van Duzee, testified in the proceedings before the Federal Trade Commission. The defendants Stanton and Bonham were subpoenaed and appeared before the Trial Examiner. They did not testify, but a stipulation was entered into between the attorneys for the respective parties that testimony of these individuals would be the same in substance as that of the other individual defendants therein. The Commission issued its cease and desist order forbidding the dissemination of any advertisement representing that the preparation aforesaid constitutes a cure or remedy for asthma, that it possesses any therapeutic value, that it builds up the system or prevents attacks of asthma and that such preparations are safe or harmless, without making certain exclusions.

The indictment aforesaid contains five separate counts, each charging the crime hereinbefore stated on five several dates, to wit: January 10, 1946, April 23, 1946, April 24, 1946, April 10, 1946, and May 8, 1946.

■ The plaintiff moves to strike out the motion to dismiss as respects the defendant Frontier Asthma Co., because the immunity statute does not apply to a corporation. Clearly the statute does not apply, and the defendant now consents to such motion.

■ Plaintiff moves to strike out the motion to dismiss as respects the defendant Edward O. Spillman on the ground that the immunity statute does not apply to an officer testifying as to transactions he performed as an officer of the corporation. The immunity statute does not apply insofar as he may be required to produce and testify concerning the books and the records of the corporation whether made by him as an officer of the corporation or by another authorized to make it. "And where an officer of a corporation has pos-

session of corporate records which disclose his crime, there is no ground upon which it can be said that he will be forced to produce them if the entries were made by another, but may withhold them if the entries were made by himself. The books are no more his private books in the latter case than in the former; * * *. In both cases production tends to criminate; and if requiring him to produce compels him to be a witness against himself in the one case, it does so equally in the other. * * *" Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 543, 55 L.Ed. 771, Ann.Cas.1912D, 558. See also United States v. Watson, D.C., 266 F. 736; United Mine Workers v. Coronado Coal Co., 8 Cir., 258 F. 829; United States v. Illinois Alcohol Co., 2 Cir., 45 F.2d 145; United States v. Lay Fish Co., D.C. 13 F.2d 136. That motion must be granted. However, in view of the conclusion we reach as to immunity based on the claim that the proceedings before the Commissioner and the proceedings before the grand jury relate to the same transaction, matter and thing, any determination on this ground for striking the motion for dismissal is not material.

■ The government urges as a ground for striking out defendants' motion that the testimony of the individual defendants given before the Trade Commission was given voluntarily and no claim of immunity was made before testifying. It was unnecessary for any of the defendants to claim immunity. The sole question is whether he testified as to transactions, matters or things on which this indictment is laid. United States v. Pardue, D.C. 294 F. 543; United States v. Monia, 317 U.S. 424, 63 S.Ct. 409, 87 L.Ed. 376; United States v. Andolschek, 2 Cir., 142 F.2d 503. The government now concedes this.

The next ground of the plaintiff for dismissal is that no evidence concerning any of the criminal acts alleged in the indictment was adduced before the Federal Trade Commission. Defendants' Notice of Motion recites that as a ground for dismissal these defendants pursuant to subpoenas testified before the Trial Examiner "respecting the transactions, matters and things set forth in the indictment * * * and that such testimony so compulsorily adduced from the Defendants is the basis upon which the charge on which the indictment is founded."

■ Each of the individual defendants in his affidavit in support of the defendants' motion declares "I have fully and fairly stated the facts of this case to my attorneys * * * and, after said statement, I am advised by my attorneys, and verily believe, that the testimony which I gave before the Federal Trade Commission * * * inhibits the United States of America from prosecuting * * * me * * * for and on account of the transactions, matters or things concerning which I testified or produced evidence, * * * and that such transactions, matters and things, * * * are the matters, facts and allegations set forth in the indictment." The only support for this recital in the notice of motion is in these affidavits. They are insufficient for various grounds. First, they are insufficient because made on information and belief. "* * * the verification of the plea is merely upon information and belief. To permit an investigation as to character or sufficiency of proof before a grand jury under a plea so verified would open the door to abuse and an intolerable practice. It would be an invitation to every defendant to thus uncover, before trial, * * *," United States v. Nevin, D.C., 199 F. 831, 836. Kastel v. United States, 2 Cir., 23 F.2d 156. A plea in abatement, which in effect this is, on information and belief is insufficient. United States v. Lehigh Valley R. Co., D.C., 43 F.2d 138; United States v. Nevin, supra; Olmstead v. United States, 9 Cir., 19 F.2d 842, 845, 53 A.L.R. 1472. There is no proof or claim that any of these individual defendants testified before the grand jury. It is obvious, therefore, that they could have no personal knowledge of the testimony given before the grand jury nor is there any statement of facts going to show that they could have knowledge of the proceedings before the grand jury. "* * * a plea in abatement to an indictment, being a dilatory plea and not favored in law, must be pleaded with strict exactness and with certainty, accuracy, and completeness, and must set forth facts, * * *. The pleas here fall short of compliance with the rule. The defendants could have had no

personal knowledge of the evidence submitted to the grand jury." Olmstead v. United States, supra. No burden is cast on the government to show what the testimony was before the grand jury.

The next ground made by the plaintiff for dismissal is that the Commission inquiry was concerned only with acts prior to April 5, 1943, and that all of the transactions, matters and things charged in the indictment relate solely to occasions or times subsequent to April 5, 1943, and in and during 1946. The charge here is fraud and not conspiracy. Section 338, Title 18 U.S.C.A. The immunity statute here, supra, required these defendants to testify before the Commission. It also provides: "But no natural person shall be prosecuted or subjected to any penalty or forfeiture * * * concerning which he may testify, or produce evidence, * * * in obedience to a subpoena issued by it (Commission): * * *." The indictment states that "At the City of Buffalo * * * and at other places unknown * * *, on or about the dates hereinafter alleged, * * * (these defendants) devised and intended to devise a scheme and artifice to defraud, and to obtain money from certain persons, * * *." The individuals claimed to have been defrauded are stated in the indictment and the days on or about which the mail matter was placed in an authorized depository as a part of a scheme and artifice to obtain money and property from these individuals last-hereinbefore mentioned. It is true that the scheme to defraud could have been commenced prior to April, 1943, and continued up to and including the dates when the deposit of mail matter was made as set forth in the indictment. In that event the individual defendants herein would be protected by the immunity clause. But there is nothing to show any such a state of facts, and the indictment itself states "that the said defendants, acting personally and under the names, styles, and descriptions hereinbefore stated, and acting in concert with each other, and each aiding, assisting, and abetting the other, * * * on or about the dates hereinafter alleged, devised and intended to devise a scheme and artifice to defraud, and to obtain money * * *." It seems quite clear that the transactions, matters and things which transpired prior to 1943 could have been separated from and have had no connection with transactions, matters and things of the same sort or kind transpiring subsequent to April 5, 1943.

The test of double jeopardy is "whether the same evidence is required to sustain them". Morgan v. Devine, 237 U. S. 632, 35 S.Ct. 712, 715, 59 L.Ed. 1153; Reynolds v. United States, 6 Cir., 280 F. 1; United States v. Komie, D. C., 194 F. 567; Gray v. United States, 8 Cir., 14 F.2d 366. United States v. Swift, D.C., 186 F. 1002, 1012, is closely in point with the one at bar. In that case certain evidence had been given before the Commissioner of Corporations. To an indictment subsequently found, a plea at bar was made that the information or evidence given by the defendants to the Commissioner had been turned over to the Department of Justice, presented to the grand jury and therefore the defendants were immune from prosecution. After issue was joined and verdict of not guilty found, another indictment was found charging defendants with violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. Pleas in abatement were interposed on the same ground as before. The court, in part, said: "A question put to a witness cannot relate to something which does not exist. As to all crimes committed at the time the information was had from the defendants, there may have been immunity. It cannot be claimed now as to crimes which had not then been committed, or even contemplated."

There are considerable other expressions in the opinion in this case which are directly applicable here. But what the evidence before the grand jury in this case was does not appear. The law is that "an indictment can not be abated, on account of the admission of incompetent or hearsay testimony, unless it affirmatively appear in the plea that no competent evidence of the commission of the offense charged therein was presented to the grand jury, or unless all of the evidence was unlawfully procured in violation of substantial rights of the accused, so as to subject it to exclusion if offered against him." United States v. Goldman, D.C., 28 F.2d 424, 432. See the numerous cases therein cited.

The submission of incompetent evidence to a grand jury does not vitiate the indictment, and it is not for the court to inquire into the sufficiency of the evidence. If there was any evidence before the grand jury supporting the charge found in the indictment, it must be sustained. McGregor v. United States, 4 Cir., 134 F. 187; United States v. Herzig, D.C., 26 F.2d 487; United States v. Lehigh Valley R. Co., supra; United States v. Siebrecht, D.C. 44 F.2d 824.

The next ground made by the plaintiff for dismissal is that the indictment is based on information adduced by the Postal authorities. This was wholly independent of that adduced before the Federal Trade Commission. We do not think this point has any merit. It is unnecessary, however, to consider it in view of the conclusion to which we arrive.

The next ground made by the plaintiff for dismissal is that the motion does not state facts with requisite exactness, certainty, accuracy and completeness sufficient to constitute the grounds as a motion to bar the prosecution of the indictment herein. We believe this point is well taken and is sustained by the authorities hereinbefore cited. This point is encompassed in matters hereinbefore considered.

The plaintiff further urges, as a ground for dismissal, that the motion and accompanying affidavits allege on knowledge matters which the pleaders cannot know, and the averments on information and belief fail to allege the sources thereof and that the indictment and the motion to bar the indictment are insufficient in law; that the motion is deficient in that there is no statement or proof that the alleged testimony taken before the Federal Trade Commission injured or prejudiced the defendants; that the motion made as a bar to the indictment is bad in that it is not made in good faith and that the allowance is addressed to the discretion of the Court and that there is not sufficient showing to justify the exercise of such discretion. We do not think that it is necessary to consider these points further than some have been.

We believe that each of the cases cited by defendants is distinguishable from the present one. United States v. Pardue, supra, and United States v. Monia, supra, have hereinbefore been cited. They held that it was not necessary to claim immunity. United States v. Kissel, 218 U. S. 601, 31 S.Ct. 124, 54 L.Ed. 1168, and United States v. Moore, D.C., 15 F.2d 593, were concerned with indictments for a conspiracy. The Kissel case is an authority that a conspiracy could have continued from some time antedating the hearing before the Commission herein to some time postdating. Certainly that was possible. In the Moore case one overt act was charged to have been committed after testimony had been given before the Interstate Commerce Commission. This one act was part of the acts constituting a conspiracy entered into before the Interstate Commerce hearing. No comparable situation is shown here. Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 206, 35 L.Ed. 1110, said: "* * * a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offence to which the question relates." But here we do not have the same offense.

It is stated in the briefs on behalf of the defendants that it is not sought to show what testimony was adduced before the grand jury; that they are not apprised of the witnesses before the grand jury; and that they "may only surmise that their (witnesses) testimony was used before the grand jury or that leads therefrom were used to ferret out the testimony." It is stated that the attack is upon the indictment. Of course, this is all based upon the assumption that the transaction, matter and thing testified to before the Commission is the same transaction, matter or thing testified to before the grand jury. As we have heretofore said, this does not necessarily follow.

No importance is attached to the fact that the cease and desist order was made subsequent to the time of the alleged commission of the offenses charged in the indictment. We are here concerned with alleged criminal acts, entirely separate and distinct from any action of the Federal Trade Commission.

We believe that ample ground is hereinbefore shown why plaintiff's motion to

strike out the motion to dismiss the indictment should be granted.

Order may be entered accordingly.