MORGAN, WARDEN OF THE UNITED STATES PENITENTIARY AT LEAVENWORTH, *v.* DEVINE.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 685.   Submitted April 7, 1915.—Decided June 1, 1915.

Under §§ 190 and 192 of the Penal Code, two offenses, the one of breaking into a post office and the other of stealing property belonging to the Post Office Department, may be committed and separately charged and punished.

It is within the competency of Congress to say what shall be offenses against the law, and its purpose was manifest in enacting §§ 190 and 192, of the Penal Code, to create separate offenses under each section.

The test of whether the breaking in and the larceny constitute two separate offenses is not whether the same criminal intent inspires the whole transaction, but whether separate acts have been committed with requisite criminal intent and such as are punishable by the statute. *Burton* v. *United States*, 202 U. S. 344.

The test of identity of offenses when double jeopardy is pleaded is whether the same evidence is required to sustain them; and if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where more than one are defined by the statute. *Gavieres* v. *United States*, 220 U. S. 338.

In this case *held* that one who broke into a post office and also committed larceny therein, and who was convicted under separate counts of the same indictment for violation of §§ 190 and 192, of the Penal Code, and sentenced separately under each, was not, after having served the sentence under one count, entitled to be released on the ground of double jeopardy, because the several things charged were done at the same time and as a part of one transaction.

THE facts, which involve the construction of §§ 190 and 192, Penal Code, and questions of separate offenses and punishment for breaking into a post office and committing larceny of property of the Post Office Department under

the double jeopardy provision of the Fifth Amendment, are stated in the opinion.

*Mr. Assistant Attorney General Wallace* for appellant:

Sections 190 and 192 define and punish two offenses. The same evidence test should be applied.

For the declared law, see 1 Bishop, New Crim. Law, § 1062 and p. 630.

*Halligan* v. *Wayne,* 179 Fed. Rep. 112, is responsible for erroneous decisions and this court has repeatedly applied a rule contrary to that case; see *Burton* v. *United States,* 202 U. S. 344; *Carter* v. *McClaughry,* 183 U. S. 365, and *Gavieres* v. *United States,* 220 U. S. 338, to which this case is parallel.

In support of the Government's contention, see cases *supra,* and *Anderson* v. *Moyer,* 193 Fed. Rep. 499; *Ex parte Peters,* 12 Fed. Rep. 461; *Morey* v. *Commonwealth,* 108 Massachusetts, 433; *Moyer* v. *Anderson,* 203 Fed. Rep. 882; *Munson* v. *McClaughry,* 198 Fed. Rep. 72; *Wilson* v. *State,* 24 Connecticut, 57.

*Mr. A. E. Dempsey, Mr. Turner W. Bell* and *Mr. Robert B. Troutman* for appellees:

If the second count of this indictment, as to the stealing and purloining of the property, places the defendant twice in jeopardy for the same offense, any punishment or sentence on this charge is contrary to the express provision of the Constitution, and is, therefore, beyond the jurisdiction of the court. Such a sentence or punishment is void. The writ of *habeas corpus* is always to release one held in custody under a judgment which is void, because it is beyond the jurisdiction of the court. 1 Bailey, Hab. Corp., § 2; *Ex parte Lange,* 18 Wall. 163; *Ex parte Virginia,* 100 U. S. 339, 343; *Ex parte Rowland,* 104 U. S. 604; *Ex parte Snow,* 120 U. S. 274; *Hans Nielsen, Petitioner,* 131 U. S. 176; *Henry* v. *Henkel,* 235 U. S. 219; *In re Bonner,* 151 U. S. 242; *Ex parte Mayfield,* 141 U. S. 207.

By *habeas corpus* the jurisdiction of the court, *i. e.*, (1) of the person, (2) of the offense or subject-matter, or (3) its power to pass the particular judgment, may be examined. 1 Bailey, Hab. Corp., p. 179, and cases *supra.*

If the court has not jurisdiction to render the particular sentence,—if the sentence is different from that prescribed by the law, or is below the minimum or above the maximum,—that is good ground for releasing the prisoner on *habeas corpus. Ex parte Cox*, 3 Idaho, 530; *Ex parte Bulger*, 60 Colorado, 438.

If a court having jurisdiction of the person of the accused and of the offense with which he is charged, may impose any sentence other than the legal statutory judgment, and deny the aggrieved party all relief except upon writ of error, it is but a judicial suspension of the writ of *habeas corpus.* See cases *supra* and *Stevens* v. *McClaughry*, 207 Fed. Rep. 18; *Munson* v. *McClaughry*, 198 Fed. Rep. 72; *Halligan* v. *Wayne,* 179 Fed. Rep. 112.

In *Moyer* v. *Anderson,* 203 Fed. Rep. 881, to the contrary, the court relied upon decisions of this court which were neither controlling or in point, such as *Matter of Spencer*, 228 U. S. 709; *Glasgow* v. *Moyer*, 225 U. S. 420; *Johnson* v. *Hay*, 227 U. S. 245, none of which contravenes the contention of appellee; in fact, the doctrine of the *Anderson Case* was expressly repudiated in *Stevens* v. *McClaughry*, 207 Fed. Rep. 18.

The offenses charged in the first and second counts were parts of the same transaction, *i. e.*, were parts of the same continuing criminal act. *Carter* v. *McClaughry*, 183 U. S. 365; *Burton* v. *United States*, 202 U. S. 344, do not apply.

The intent to take the Government's property was identical in, and indispensable to, each count. The offenses were committed in the same transaction. The intent, in each case, was in fact the same. *Munson* v. *McClaughry*, 198 Fed. Rep. 72; *Stevens* v. *McClaughry*, 207 Fed. Rep.

18; *O'Brien* v. *McClaughry*, 209 Fed. Rep. 816; *Halligan* v. *Wayne*, 179 Fed. Rep. 112; *Ex parte Peters*, 12 Fed. Rep. 461; *Anderson* v. *Moyer*, 193 Fed. Rep. 499, distinguished.

A conviction for robbery is a bar to a subsequent trial for larceny committed at the same time. And the converse is true. That is, a man may be tried but once for robbery or larceny done at the same time. *State* v. *Lewis* (N. Car.), 2 Hawks, 98; *State* v. *Mikesell*, 70 Iowa, 176; *State* v. *Ingles* (N. Car.), 2 Hayw. 4.

This is law everywhere and to it the following supplement is to be added: That where a person is put in legal jeopardy of a conviction for an offense which contains essential elements which are indispensable parts of another offense, such jeopardy is a bar to a subsequent prosecution for the latter offense, if founded upon the same transaction, so as to render the essential elements in fact, the same. *Bell* v. *State* (1898), 103 Georgia, 597; 1 Bishop, New Crim. Law, § 1062; *Grafton* v. *United States*, 206 U. S. 333; *Gavieres* v. *United States*, 220 U. S. 338. *Morey* v. *Commonwealth,* 108 Massachusetts, 443, is contrary, both in decision and principle, to decisions of this court. See also *Sorenson* v. *United States*, 168 Fed. Rep. 785.

That the crimes of burglary and larceny are the same by nature is shown by the fact that they may be joined in the same count of the same indictment. *United States* v. *Yennie*, 74 Fed. Rep. 221; *State* v. *McClurg*, 35 W. Va. 280; *Breese* v. *State*, 12 Oh. St. 146; 1 Bishop, New Crim. Law, § 1062.

The character of the offense is controlling and not the fact that the same evidence necessary to support one indictment will not support a second indictment. In the character of the offense now before the court if the same evidence test is to be applied the prosecuting officers may indict, try, convict, and punish a man for at least 14 offenses with 53 years' imprisonment and fines amounting

to $74,200, by a slight twist and variance in the allegations of the counts. And in some instances, as in the instant case, the proof of all these allegations shall in practice be identical. The offenses being identical in law, having the same indispensable incidents included in each, the Constitution forbids the assessment of but one penalty.

MR. JUSTICE DAY delivered the opinion of the court.

This case was submitted at the same time with *Ebeling v. Morgan,* just decided, *ante,* p. 625, and involves to a considerable extent the same questions. The appellees, Devine and Pfeiffer, pleaded guilty to an indictment containing two counts in the District Court of the United States for the Eastern Division of the Southern District of Ohio, the first count being under § 192 of the Penal Code, charging that the appellees did on January 13, 1911, in the County of Delaware, in the State of Ohio, unlawfully and forcibly break into and enter a building used in whole as a post office of the United States, with the intent then and there to commit larceny in such building and post office to wit, to steal and purloin property and funds then and there in use by and belonging to the Post Office Department of the United States. The second count was drawn under § 190, of the penal code, charging that the appellees, on the same date and at the same place, did unlawfully and knowingly steal, purloin, take, and convey away certain property and moneys of the United States, then and there in use by and belonging to the Post Office Department of the United States, to wit, postage stamps and postal funds, etc. One was sentenced to confinement in the United States Penitentiary at Leavenworth, Kansas, for four years on the first count, and for two years on the second count of the indictment, the sentence to be cumulative and not concurrent. The other appellee was likewise sentenced for three and one-half

years' imprisonment and a fine of $100 on the first count; and two years on the second count. It is admitted that the acts set forth in the second count were performed by the appellees in the post office under the burglarious entry charged in the first count. Having served the larger part of their sentences under the first count, appellees filed their petition in the District Court of the United States for the District of Kansas, asking for a writ of *habeas corpus*, and to be discharged from confinement at the expiration of the sentence under the first count. The District Court, believing the case to be controlled by the case of *Munson* v. *McClaughrey*, 198 Fed. Rep. 72, decided by the Circuit Court of Appeals for the Eighth Circuit, entered an order discharging the appellees from imprisonment at the expiration of their term of confinement under the first count of the indictment.

It is the contention of the appellees that protection against double jeopardy set forth in the Fifth Amendment to the Constitution of the United States required their discharge, because the several things charged in the two counts were done at the same time and as a part of the same transaction.

The statutes under which the indictment was found are as follows:

"SEC. 190. Whoever shall steal, purloin, or embezzle any mail bag or other property in use by or belonging to the Post Office Department, or shall appropriate any such property to his own or any other than its proper use . . . shall be fined not more than two hundred dollars, or imprisoned not more than three years, or both."

"SEC. 192. Whoever shall forcibly break into, or attempt to break into any post office . . . with intent to commit in such post office . . . any larceny or other depredation, shall be fined not more than one thousand dollars, and imprisoned not more than five years."

Whether under these sections of the statute two offenses

in the same transaction may be committed and separately charged and punished, has been the subject of consideration in the Federal courts, and the cases in those courts are in direct conflict. In *Halligan* v. *Wayne* (C. C. A., 9th Ct.), 179 Fed. Rep. 112, and *Munson* v. *McClaughry* (C. C. A., 8th Ct.), 198 Fed. Rep. 72, it was held that upon conviction on an indictment containing two counts, one charging burglary with intent to commit larceny, and the other larceny, upon a general verdict of guilty, there can be but a single sentence, and that for the burglary only; and that after the defendant has served a sentence for that offense he is entitled to release on *habeas corpus*. The rule has been held to be otherwise in *Ex parte Peters* (Circ. Ct., W. D. Mo.), 12 Fed. Rep. 461, and in *Anderson* v. *Moyer* (Dist. Ct., N. D. Ga.), 193 Fed. Rep. 499.

We think it is manifest that Congress in the enactment of these sections intended to describe separate and distinct offenses, for in § 190 it is made an offense to steal any mail bag or other property belonging to the Post Office Department, irrespective of whether it was necessary in order to reach the property to forcibly break and enter into a post office building. The offense denounced by that section is complete when the property is stolen, if it belonged to the Post Office Department, however the larceny be attempted. Section 192 makes it an offense to forcibly break into or attempt to break into a post office, with intent to commit in such post office a larceny or other depredation. This offense is complete when the post office is forcibly broken into, with intent to steal or commit other depredation. It describes an offense distinct and apart from the larceny or embezzlement which is defined and made punishable under § 190. If the forcible entry into the post office has been accomplished with the intent to commit the offenses as described, or any one of them, the crime is complete, although the intent to steal or

commit depredation in the post office building may have been frustrated or abandoned without accomplishment. And so, under § 190, if the property is in fact stolen, it is immaterial how the post office was entered, whether by force or as a matter of right, or whether the building was entered into at all. It being within the competency of Congress to say what shall be offenses against the law, we think the purpose was manifest in these sections to create two offenses. Notwithstanding there is a difference in the adjudicated cases upon this subject, we think the better doctrine recognizes that although the transaction may be in a sense continuous, the offenses are separate, and each complete in itself. This is the result of the authorities as stated by Mr. Bishop in his new work on Criminal Law (Eighth Edition):

"If in the night a man breaks and enters a dwelling house to steal therein, and steals, he may be punished for two offenses or one, at the election of the prosecuting power. An allegation simply of breaking, entering, and stealing states the burglary in a form which makes it single, and a conviction therefor will bar an indictment for the larceny or the burglary alone. But equally well a first count may set out a breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both." (Section 1062.) [1] . . . "The test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second can not be main-

---

[1] This view was held in the following state cases:

*Wilson* v. *State*, 24 Connecticut, 57; *Dodd* v. *State*, 33 Arkansas, 517; *Speers* v. *Commonwealth*, 17 Grat. (Va.) 570; *State* v. *Hackett*, 47 Minnesota, 425; *Josslyn* v. *Commonwealth*, 47 Massachusetts, 236; *Iowa* v. *Ingalls*, 98 Iowa, 728; *Gordon* v. *State*, 71 Alabama, 315; *Clark* v. *State*, 59 Tex. Cr. 246; *State* v. *Hooker*, 145 N. C. 581; *People* v. *Parrow*, 80 Michigan, 567; *State* v. *Martin*, 76 Missouri, 337.

tained; when there could not, it can be." (Section 1052, p. 630.)

That the two offenses may be joined in one indictment is made plain by § 1024 of the Revised Statutes of the United States, which provides:

"Where there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them consolidated."

The reason for the rule that but a single offense is committed and subject to punishment is stated in *Munson* v. *McClaughry*, 198 Fed. Rep. 72, as follows:

"A criminal intent to commit larceny of property of the government is an indispensable element of each of the offenses of which the petitioner was convicted, and there can be no doubt that where one attempts to break into or breaks into a post office building with intent to commit larceny therein, and at the same time commits the larceny, his criminal intent is one, and it inspires his entire transaction, which is itself in reality but a single continuing act."

But the test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress. In *Burton* v. *United States*, 202 U. S. 344, the defendant was charged in separate counts with receiving compensation in violation of the act and also agreeing to receive compensation in violation of the same statute. In that case the contention was that the defendant could not legally be indicted for two separate offenses, one agreeing to receive compensation,

and the other receiving such compensation, in violation of the statute, but this court held that the statute was so written, and said:

"There might be an agreement to receive compensation for services to be rendered without any compensation ever being in fact made, and yet that agreement would be covered by the statute as an offense. Or, compensation might be received for the forbidden services without any previous agreement, and yet the statute would be violated. In this case, the subject matter of the sixth count, which charged an agreement to receive $2,500, was more extensive than that charged in the seventh count, which alleged the receipt of $500. But Congress intended to place its condemnation upon each distinct, separate part of every transaction coming within the mischiefs intended to be reached and remedied. Therefore an agreement to receive compensation was made an offense. So the receiving of compensation in violation of the statute, whether pursuant to a previous agreement or not, was made another and separate offense. There is, in our judgment, no escape from this interpretation consistently with the established rule that the intention of the legislature must govern in the interpretation of a statute. 'It is the legislature, not the court, which is to define a crime, and ordain its punishment.' *United States* v. *Wiltberger*, 5 Wheat. 76, 95; *Hackfeld & Co.* v. *United States*, 197 U. S. 442, 450."

As to the contention of double jeopardy upon which the petition of *habeas corpus* is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes. Without repeating the discussion, we need but refer to *Carter* v. *McClaughry*, 183 U. S. 365; *Burton* v. *United States*, 202 U. S. 344, 377, and the recent case of *Gavieres* v. *United States*, 220 U. S. 338.

It follows that the judgment of the District Court, discharging the appellees, must be reversed, and the case remanded to that court with instructions to dismiss the petition.

*Reversed.*

MR. JUSTICE MCREYNOLDS took no part in the consideration or decision of this case.