## TRITICO et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 17, 1925.)

No. 4322.

I. Searches and seizures ☞7—Search of unoccupied barn without warrant held not illegal.

Where prohibition agents detected the odor of mash when 300 yards distant from a barn on unoccupied premises, their search of the barn without a warrant was not unreasonable or illegal, and not in violation of the constitutional rights of defendants there found operating a still, but who did not reside on the premises.

2. Criminal law ☞200(4)—One convicted of manufacture cannot also on separate counts be convicted of possession of liquor or apparatus.

Manufacture of liquor necessarily connotes possession of the liquor manufactured and of the apparatus for its manufacture, and defendants convicted of illegal manufacture cannot also be convicted on separate counts of illegal possession of either the liquor or the apparatus.

In Error to the District Court of the United States for the Southern District of Texas; William B. Sheppard, Judge.

Criminal prosecution by the United States against Frank Tritico and others. Judg-

ment of conviction, and defendants bring error. Reversed in part, with directions.

C. G. Dibrell and O. S. York, both of Galveston, Tex., for plaintiffs in error.

H. M. Holden, U. S. Atty., and Edwin R. Warnken, Asst. U. S. Atty., both of Houston, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an indictment in three counts for violations of the National Prohibition Act. Defendants are charged in the first count with the unlawful possession of intoxicating liquor; in the second count with the unlawful possession of property designed for the manufacture of liquor; and in the third count with the unlawful manufacture of liquor.

[1] Two prohibition agents entered premises where no one was living, and when within about 300 yards of the barn they detected the odor of mash. They proceeded to the barn, and there found the defendants engaged in operating six stills, and in possession of a considerable quantity of mash, and 155 gallons of liquor which had been illicitly distilled. All of the defendants testified in the case, but none of them claimed to have been living either in the barn or elsewhere on the premises.

The defendants were convicted on all counts of the indictment, and upon each of them the court imposed a general sentence without reference to the several counts, consisting of a fine of $500 and imprisonment for six months. The officers had no search warrant, and for this reason it is claimed that the search was illegal.

The search was not an unreasonable one. The officers, being made aware through one of their senses that the prohibition law was being violated, had the right to enter and make the search, although they did not have a warrant. McBride v. United States (C. C. A.) 284 F. 416. The defendants, not being occupants of the premises, were not entitled to object, even though it be assumed that the search would have been in violation of the rights of the occupant if there had been one. Schwartz v. United States (C. C. A.) 294 F. 528. But there was no occupant of the premises, and so the privacy of the home was not invaded. Under the facts, the protection of the Fourth Amendment did not extend to the premises in question. Hester v. United States, 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898.

The sentences imposed were for first of-

fenses. Therefore the maximum sentence authorized for the manufacture or sale is a fine of not more than $1,000 or imprisonment not exceeding six months; and the maximum sentence for possession either of liquor or distillery apparatus is a fine of $500. National Prohibition Act, title 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p).

It thus appears that the sentence is greater than could have been lawfully imposed under any one count, because it includes both fine and imprisonment. But we are of opinion that the third count is the only one which should have been considered when passing sentence, because the manufacture therein charged includes the possession of liquor charged in the first count and the possession of distillery apparatus charged in the second count.

[2] Under the Fifth Amendment one may not for the same offense be twice put in jeopardy. The test of what is the same offense is stated by Mr. Bishop to be "whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be." 1 Bishop on Criminal Law (9th Ed.) § 1052. See, also, § 1051. This test has been adopted by the Supreme Court. In re Nielsen, 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118; Carter v. McClaughry, 183 U. S. 365;[1] Burton v. United States, 202 U. S. 344, 377, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. .S. 625, 35 S. Ct. 710, 59 L. Ed. 1151.

In several of the above cases the Supreme Court cites with approval Morey v. Commonwealth, 108 Mass. 433, in which it is said:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

In the Neilsen Case, supra, it is said:

"Where, as in this case, a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense."

Applying this well-established rule to the indictment in this case, it must be apparent at once that proof of possession of distillery apparatus would necessarily have to be included in order to prove the manufacture of liquor, because such manufacture would otherwise be impossible. Likewise the same evidence which proved manufacture of liquor proved possession of it, because, upon the manufacture being completed, the liquor necessarily came into the control or possession of the manufacturer. It can make no difference whether separate charges are tried together or at different times. If the defendants had been tried for manufacturing liquor, they could not afterwards have been prosecuted for possessing the apparatus necessary for such manufacture or for possessing the liquor so manufactured. It is true that evidence of possession of apparatus would not be required to prove possession of liquor, and vice versa, so that convictions could be had upon both the first and second counts. It is likewise true that a conviction under either the first or second count would not prevent a conviction under the third count, because proof of manufacture requires additional evidence. But these results do not militate against the conclusion that a conviction under the third count for manufacture would bar a prosecution under the first or the second count for unlawful possession of apparatus or liquor. Reynolds v. United States (C. C. A.) 280 F. 1; Morgan v. United States (C. C. A.) 294 F. 82.

The conclusion is that the sentence is excessive.

The conviction under the first and second counts is reversed, and that under the third count is affirmed. The sentence of the court is reversed and set aside, with directions to resentence the defendants on the third count.

[1] 22 S. Ct. 181, 46 L. Ed. 236.