## VAMVAS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.
May 14, 1926.)

No. 4595.

1. **Criminal law ⊜⇒1169(9)—Exclusion of question affecting qualifications of expert witness for government held not prejudicial, in view of showing beyond question by another witness that packages in evidence contained cocaine (Harrison Narcotic Law, as amended [Comp. St. Ann. Supp. 1919, § 6287g]).**

In prosecution for violation of Harrison Narcotic Law, as amended (Comp. St. Ann. Supp. 1919, § 6287g), where it was shown beyond question by qualified witness that packages introduced in evidence contained cocaine, exclusion of question affecting qualifications of another expert witness *held* not prejudicial.

2. **Witnesses ⊜⇒406—Testimony that witness, an addict, did not always claim to be successful in buying narcotics for inspector, held properly admitted in rebuttal of testimony elicited by defendant (Harrison Narcotic Law, as amended [Comp. St. Ann. Supp. 1919, § 6287g]).**

In prosecution for violation of Harrison Narcotic Law, as amended (Comp. St. Ann. Supp. 1919, § 6287g), testimony by narcotic inspector that an addict, on whose testimony state relied, did not always claim to be successful in his efforts to buy narcotics for inspector, *held* properly admitted to rebut testimony of defendant's witnesses that as a rule a narcotic addict, for a reward, would falsely claim to have made purchases.

3. **Criminal law ⊜⇒772(6).**

Where there was no testimony that government witnesses did more than offer to buy narcotics of defendant, charge on subject of entrapment was properly denied.

4. **Criminal law ⊜⇒37.**

More than an offer to buy narcotics is necessary to constitute entrapment of seller.

5. **Criminal law ⊜⇒200(1)—Offense of selling cocaine without having registered and paid tax is distinct from offense of selling same cocaine without written order and without prescription, as affecting double jeopardy (Const. U. S. Amend. 5).**

Offense of selling cocaine without having registered and paid special tax required by statute is distinct from offense of selling same cocaine without a written order and without a prescription, and sentence for each offense, based on single sale, is not violative of Const. Amend. 5, prohibiting double jeopardy.

6. **Criminal law ⊜⇒200(1).**

Offenses are distinct and separately punishable under Const. Amend. 5, though committed by a single act, if different evidence is required to prove them.

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Spyros Vamvas was convicted of violations of Narcotic Law, and he brings error.

Judgment affirmed, and cause remanded for proper sentence.

J. N. Morris, of Miami, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., H. W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla., and A. W Henderson, Sp. Asst. Atty. Gen. (Wm. H. Ramsey, and Franklin G. Wixson, on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a prosecution for violations of the Harrison Narcotic Law (38 Stat. 785), as amended. 40 Stat. 1130 (Comp. St. Ann. Supp. 1919, § 6287g).

The indictment is in six counts. The first and fifth are companion counts, as are also the second and fourth. The first count charges that defendant made a sale of 15 grams of cocaine without having registered and paid the special tax required by the statute; the fifth count charges that he made the sale of the same cocaine without a written order and without a prescription. The second count is in the same language as the first, except that it relates to the sale of 15 grains of cocaine, and the fourth count is the same as the fifth, except that it likewise relates to the cocaine described in the second count. The third count charges that defendant, without having registered, made a number of sales on different dates to the same person. The sixth count is based upon the purchase by defendant of morphine which was not in or taken from an original stamped package. Defendant was convicted on all counts of the indictment except the third, and consecutive sentences were imposed upon him on all counts except the sixth, and including the third count.

The government, to prove the two sales of cocaine charged, relied on the testimony of Jack Gold, who admitted that he was addicted to the habitual use of narcotics, and one John J. McGrath, a narcotic inspector. They both testified that they went to defendant's office and house for the purpose of buying drugs, in order to make out a case against him. Defendant in his testimony denied that he made the sales as claimed. There was no evidence that the government witnesses did more than offer to buy, and thus give defendant an opportunity to make prohibited sales.

During the trial the District Court sustained an objection to a question by defendant's counsel, propounded to a government

witness, as to "what are the tests for cocaine." The packages which it is claimed were bought by the government witnesses were received in evidence without objection, after testimony by an expert, as to whose qualification no question was made, that upon analysis they were found to contain cocaine.

Several witnesses for defendant testified that as a rule a narcotic addict is unworthy of belief, and for a reward would untruthfully claim that he had made a purchase of opium, when he in reality had not. In rebuttal of this testimony, McGrath, over defendant's objection, was permitted to testify that he had used Gold to make illegal purchases on a number of occasions, and that on several of them Gold had reported that suspected persons from whom he had tried to buy drugs would not sell them to him.

Defendant requested a charge on the subject of entrapment, but the court refused to give it, and exception was duly taken.

[1] The principal assignments of error are that the court erred in sustaining the government's objection to the question regarding the proper tests for cocaine, in admitting testimony to the effect that on occasions Gold had reported his inability to make purchases of opium to narcotic inspector McGrath, in refusing to charge on the subject of entrapment as requested, and in sentencing defendant twice on account of each of the two sales shown by the government's evidence.

As it was shown beyond question by a qualified witness that the packages introduced in evidence contained cocaine, it becomes immaterial whether one of the witnesses was able to qualify as an expert.

[2] The narcotic inspector's testimony that Gold did not always claim to be successful in his efforts to buy opium was in contradiction of the testimony given by defendant's witnesses, and tended to show that the unreliability of addicts was not universal. For that reason we think his testimony was admissible.

[3, 4] It was not error to refuse to charge the jury on the subject of entrapment. The government's testimony did not tend to show that defendant was induced to sell opium, but only that the opportunity to do so was afforded by offers to buy. It takes more than this to constitute entrapment. United States v. Reisenweber (C. C. A.) 288 F. 520, 526. Nor did defendant's evidence suggest the defense of entrapment, but was directed to show that he did not make any sales of opium to either of the government witnesses.

[5, 6] Separate sentences, to run consecutively, were imposed for the single sale of cocaine described in the first and fifth counts, and for the single sale thereof described in the second and fourth counts. It is contended that double punishment is thus imposed for each of the two sales. The Fifth Amendment prevents a citizen from being twice put in jeopardy for the same offense. But by the performance of a single act two offenses may be committed. The test is whether the same evidence is required to sustain them. If it is not, then both offenses are separately punishable. Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153; Tritico v. United States (C. C. A.) 4 F.(2d) 664.

The evidence that would show a sale was made by defendant, who was not registered, would fail to show a sale made without a written order, or vice versa, and therefore the offenses are not the same. It is immaterial that the statute creates a presumption upon proof of a sale, and places upon the defendant the burden of showing that he had registered, or that he had a written order, because the presumption merely dispenses with evidence that otherwise would be required.

There are a number of other assignments of error, but in our opinion they are without merit, and need not be separately considered.

Defendant was not convicted on the third count, and therefore should not have been sentenced on it. On the other hand, he was not sentenced on the sixth count, as to which there was a verdict of guilty.

The judgment is affirmed, but the cause is remanded for proper sentence.

Affirmed.