## KING v. UNITED STATES.*

Circuit Court of Appeals, Ninth Circuit.
February 18, 1929.

Rehearing Denied March 25, 1929.

No. 5650.

*Certiorari granted 49 S. Ct. 482, 73 L. Ed. ——.

Soren X. Christensen and Leon J. Dugan, both of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and George M. Naus and Joseph L. Sweeney, Asst. U. S. Attys., all of San Francisco, Cal.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. This is an appeal to review a judgment of conviction for sending, shipping, and delivering a quantity of morphine from the state of California to a person in the state of Nevada without having registered and paid the special tax required by law. At the July term, 1928, of the District Court of the United States for the Northern District of California, Southern Division, an indictment was returned, charging the appellant with selling and distributing a quantity of morphine not in or from the original stamped package. To this indictment the appellant interposed a plea of guilty, and sentence was passed and executed. Later during the same term the grand jury returned a second indictment, charging the appellant with sending, shipping, and delivering a quantity of morphine from the state of California to a person in the state of Nevada without having registered and paid the special tax required by law. The first indictment was returned under a provision of the Narcotic Act declaring that it shall be unlawful for any person to purchase, sell, dispense or distribute certain drugs, except in the original stamped package or from the original stamped package. 26 USCA § 692. The second indictment was returned under another provision of the Narcotic Act declaring that it shall be unlawful for any person, who shall not have registered and paid the special tax required by law, to send, ship, carry, or deliver certain drugs from any state to any person in any other state. Id. § 699. Upon arraignment under the second indictment, the appellant interposed a plea of former conviction, and the sufficiency of the plea is the only question presented for consideration.

The facts upon which the plea of former conviction was based are as follows: A narcotic agent in the employ of the government, together with an informant, went to Reno, Nev., where the informant, at the instance of the narcotic agent, wrote a letter to the appellant, in San Francisco, requesting him to send to the informant, at Reno, one ounce of morphine. The appellant replied that he would procure the morphine, and advised the informant that the price would be $55. Thereupon the informant sent to the appellant a postal money order for $55, which was received and cashed by the appellant. Thereafter the appellant caused to be shipped by way of American Express from San Francisco to Reno, addressed to the informant, a package containing one ounce of morphine. The appellant had not registered or paid the special tax required by law, and the package of morphine thus shipped was the package referred to and described in the first indictment, to which the appellant had pleaded guilty and was sentenced by another judge.

It will be observed at a glance that the offenses charged in the two indictments are not the same in law, and that the evidence required to support the first indictment would not support the second, inasmuch as there may be a sale of narcotics without a shipment in interstate commerce and there may be a shipment in interstate commerce without a sale. For these reasons we think a reference to recent decisions of the Supreme Court will clearly demonstrate that the plea of former conviction was insufficient in law. That court has repeatedly approved the views expressed by Judge Gray in Morey v. Commonwealth, 108 Mass. 433:

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Carter v. McClaughry, 183 U. S. 367, 22 S. Ct. 181, 46 L. Ed. 236; Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153. To the same effect, see Lee Choy v. United States (C. C. A.) 293 F. 582.

In the Burton Case the court said: "A plea of autrefois acquit must be upon a prosecution for the same identical offense. 4 Bl. 336. It must appear that the offense charged,

using the words of Chief Justice Shaw, 'was the same *in law* and in *fact*. The plea will be vicious, if the offenses charged in the two indictments be perfectly distinct in point of law, *however nearly they may be connected in fact*.' Commonwealth v. Roby, 12 Pick. [Mass.] 496, 504. Looking, as we must, only at the face of the original and the present indictments, the two charges must be regarded as separate and distinct. The plea of former jeopardy in this case presents a technical defense, and cannot be allowed for the reason that the offense of which the defendant was heretofore acquitted does not plainly appear, as matter of law, upon the face of the record, to be identical with the one of which he has been convicted in this case."

In the Gavieres Case the court said: "In Burton v. United States, 202 U. S. 344–381 [26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362], Bishop's Criminal Law, vol. 1, § 1051, was quoted with approval to the effect 'jeopardy is not the same when the two indictments are so diverse as to preclude the same evidence from sustaining both.' In that case this court said, speaking of a plea of autrefois acquit: 'It must appear that the offense charged, using the words of Chief Justice Shaw, "was the same in law and in fact. The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, *however nearly they may be connected in fact.*"'"

And in the Morgan Case, in order, apparently, to end further controversy, the court said: "As to the contention of double jeopardy upon which the petition of habeas corpus is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

Here the offenses charged in the two indictments are defined by different sections of the act and are perfectly distinct in point of law. The first indictment made no reference whatever to the shipment of the morphine in interstate commerce, and it is almost idle to say that the appellant could be convicted of or was placed in jeopardy for the latter offense under that indictment. The real contention seems to be that, while two distinct crimes were committed, the shipment in interstate commerce was only a means to an end, a consummation of the sale charged in the first indictment, and that but one crime was in fact committed. This argument is unsound in both law and morals. Surely, when a party is charged with crime in a court of law, he will not be heard to say that the crime was merely a step in order to consummate some other crime for which he has already been punished, unless the first crime was included within the second as a matter of law. As well might the burglar say that he broke and entered the post office to enable him to steal the mail therefrom and was therefore guilty of but one offense. Morgan v. Devine, supra. As said by the court in Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505: "There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction." In Cain v. United States (C. C. A.) 19 F.(2d) 472, the particular sale was consummated by delivery through the post office department, and the court held that both the sale and the use of the post office could not be separately punished under different counts of an indictment. The court seemingly had great difficulty in reaching that conclusion, and the same difficulty confronts us; but we find the difficulty insurmountable under the authorities to which we have referred.

The judgment of the court below is affirmed.