### O'BRIEN v. SQUIER, Warden.
### No. 10226.

Circuit Court of Appeals, Ninth Circuit.
Jan. 30, 1943.

James W. O'Brien, McNeil Island, Wash., for appellant.

J. Charles Dennis, U. S. Atty., of Tacoma, Wash., and Harry Sager, Asst. U. S. Atty.. of Sumner, Wash., for appellee.

Before GARRECHT, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from an order of the district court denying James W. O'Brien's petition for a writ of habeas corpus.

Appellant pleaded guilty to an indictment alleging his violation of §§ 313, 315 and 317 of Title 18 U.S.C.A. in counts numbered respectively first, second and third, and judgment was pronounced against him as follows: imprisonment for three years upon the first count, imprisonment for five years and the payment of a fine of $1,000.00 upon the second count, and imprisonment for five years upon the third count, all imprisonment sentences to run consecutively.

Having served the sentence imposed by the second and third counts, ten years less good time allowances, appellant petitioned the district court for a writ of habeas corpus, claiming that he was illegally restrained of his liberty for the reason that the separately charged offenses under §§ 313 and 317 constituted but one offense. The district court sustained a demurrer to the petition and declined to grant the writ upon the ground that the petition did not allege facts sufficient to warrant appellant's release.

The first count of the indictment charged that appellant stole postage stamps, stamped envelopes and postage due stamps owned by the United States to the amount of $6.57, from a United States post office. The count was based upon § 313, which provides:

124

"Whoever shall steal, purloin, or embezzle any mail bag or other property in use by or belonging to the Post Office Department * * * shall be fined not more than $200, or imprisoned not more than three years, or both."

The second count charged that appellant broke into a building used as a United States post office with the intent to commit larceny. The count was based upon § 315, which provides: "Whoever shall forcibly break into or attempt to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building, or part thereof, so used, any larceny or other depredation, shall be fined not more than $1,000 and imprisoned not more than five years."

The third count charged that appellant stole forty-two letters and eight postal cards being United States mail. The count was based upon § 317, which provides: "Whoever shall steal, take, or abstract * * * any letter, postal card, package, bag, or mail * * * shall be fined not more than $2,000, or imprisoned not more than five years, or both."

The stealing alleged in the first and third counts was accomplished from the place broken into as alleged in the second count, and all of the alleged acts were separate parts of one continuous criminal enterprise.

█ The breaking into a post office with intent to·commit larceny, prohibited by § 315, is a distinct offense from the taking of property belonging to the Post Office Department or the taking of any item of mail, prohibited by §§ 313 and 317, although both offenses form a part of one transaction. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153.

█ The question remains whether the offenses charged under §§ 313 and 317 are the same. In creating the two different sections, Congress intended to define two separate offenses. However, the test for determining whether several offenses are involved in a given situation is whether identical evidence will support each of them. If any dissimilar facts must be proved, there is more than one offense even though one continuous transaction forms the basis for all the charges. Morgan v. Devine, supra; Dimenza v. Johnston, 9 Cir., 130 F.2d 465. In the instant case the first count (§ 313) refers to the taking of property belonging to the Post Office Department, whereas the third count (§ 317) refers to the taking of any of various items of mail. Certain facts, essential to the support of each of the counts, are immaterial with respect to the other. The purposes of the two sections are different, § 313 being designed to protect the property of the Post Office Department, and § 317 being designed to protect the individual items constituting the mails. Consequently, the offense charged in the first count was separate and distinct from that charged in the third count, and the sentences imposed thereunder are valid. Schultz v. Hudspeth, 10 Cir., 123 F.2d 729; Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86; Poffenbarger v. Aderhold, 5 Cir., 67 F.2d 250.

Affirmed.