## UNITED STATES v. HERNDON.

### No. A–6367.

United States District Court
N. D. West Virginia, Wheeling Division.
July 23, 1953.

Howard Caplan, U. S. Atty., of Clarksburg, W. Va., Milford L. Gibson, of Kingwood, W. Va., Asst. U. S. Atty., for the Government.

William Lee Herndon, per se.

WATKINS, District Judge.

Petitioner William Lee Herndon seeks correction of the sentence that he is now serving under Title 28, § 2255 U.S.C.A. Petitioner alleges that his sentence, in part, was imposed in violation of the laws of the United States and therefore without the jurisdiction of the sentencing court.

Petitioner states that he was prosecuted under Title 18, §§ 1702 and 2115 of the United States Code, which code sections cover breaking into United States Post Offices with intent to commit larceny therein, and the act of unlawfully removing mail matter from a United States Post Office. The petitioner pleaded guilty to the charges as brought against him and was sentenced for a period of four years under section 2115 of the United States Code for breaking into the United States Post Office at Everettville, Monongalia County, West Virginia, with intent to commit larceny. He was further sentenced for a period of three years, to run consecutively with the first imposed sentence, for the act of larceny committed by him after entering the post office.

In substance, petitioner contends that the offenses charged to him amount to only one infraction in that the several things charged were done at the same time and as part of one transaction, or, as stated by him " * * * the larceny count could not be sustained without proof of the burglary * * * and the intent to commit the larceny was an essential element to sustain the burglary count * * * the proof of one would be the proof of the other, and therefore as the two counts are drawn up they charge only one offense." Again, at page 7 of his petition, movant states his contention thusly: "Burglary with intent

to commit larceny also embraces the larceny charged in count two."

Petitioner cites the early case of Munson v. McClaughry, 8 Cir., 198 F. 72, 42 L.R.A., N.S., 302. In that case a defendant was charged in one count with breaking into and entering a post office, with intent to commit larceny, and with another count with stealing postage stamps after he entered. He was sentenced on both counts. Counsel for the government argued that the offenses named were separate ones; that the court held that the same criminal intent inspired each transaction, and each was provable by the same evidence, and that the subdivision of such a criminal act, inspired by the same criminal intent, into numerous offenses, was unauthorized and offensive; that when the court sentenced the defendant for burglary with intent to commit larceny, its powers to inflict punishment upon the defendant was exhausted, and the sentence for larceny was in excess of the jurisdiction of the court. The case of Munson v. McClaughry was followed by O'Brien v. McClaughry, 8 Cir., 209 F. 816.

That the McClaughry case is no longer recognized as being sound law may be seen in the decision of Hostetter v. United States, 8 Cir., 16 F.2d 921, 923, wherein it is stated: " * * * the United States Supreme Court, in the case of Morgan v. Devine, 237 U.S. 632, at page 640 et seq., 35 S.Ct. 712, 59 L.Ed. 1153, disapproved the case of Munson v. McClaughry, and we think both the McClaughry cases in effect overruled." The Morgan case, supra, holds that one who broke into a post office and also committed larceny therein, and who was convicted under separate counts of the same indictment and sentenced separately under each, was not, after having served the sentence under one count, entitled to be released on the ground of double jeopardy, because the several things charged were done at the same time and as part of one transaction. The Morgan decision stated further, 237 U.S. at page 640, 35 S.Ct. at page 714, which statement is relevant in view of the position taken by the petitioner, that "the test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress."

Macomber v. Hudspeth, 10 Cir., 115 F. 2d 114, held that the offense of breaking into a post office with intent to steal moneys, stamps, and property of the United States, and the offense of the theft of postage stamps, were distinct offenses, and that the District Court had power in the exercise of its discretion to impose a sentence on each count within the maximum authorized by statute.

Robinson v. United States, 8 Cir., 142 F. 2d 431 (the same circuit that produced the McClaughry case, supra), held that the acts of forcibly breaking into a building used in part as a post office with intent to commit larceny in part of the building so used, and in stealing moneys which was part of the postal revenues, though committed at the same place on the same occasion, constituted two distinct crimes punishable severally.

To the same effect as the two above decisions, see In re Snow, 9 Cir., 147 F.2d 1006, motion denied, Snow v. Johnston, 325 U.S. 836, 65 S.Ct. 1187, 89 L.Ed. 1963, rehearing denied 325 U.S. 895, 65 S.Ct. 1559, 89 L.Ed. 2006, United States v. Doss, D.C. W.D.La., 66 F.Supp. 243.

The facts of the present case and a statement in the case of Ekberg v. United States, 1 Cir., 167 F.2d 380, 384, suffice to show the reasoning behind the line of decisions cited in opposition to movant's position. In the Ekberg case it is stated: "It is well settled that the same act or transaction may constitute two distinct federal offenses, and justify findings of guilty on two counts and separate sentences thereon to run consecutively, if each offense as defined by Congress requires the proof of some fact or element not required to establish the other." To the same effect see also Costner v. United States, 4 Cir., 139 F.2d 429, 431, and Doherty v. United States, 10 Cir., 193 F.2d 487.

The motion to correct sentence is denied.