**Robert GARCIA, Inmate No. 206556, Petitioner,**

v.

**Dr. George BETO, Director Texas Department of Corrections, Respondents.**

**Civ. A. No. 72–C–69.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

July 10, 1972.

Robert Garcia, pro se.

Ben M. Harrison, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

Robert Garcia, Petitioner herein, was the Defendant in the two state court criminal cases hereafter discussed. In the first such case, he was charged, by indictment returned on June 14, 1968, in the District Court for San Patricio County, Texas, Criminal Action No. 3388, with the felony offense of burglary of a private residence at night, and he was tried before a jury and found guilty; and, by the same jury, his punishment was assessed at confinement in the penitentiary for ten (10) years, with a recommendation of probation. The state trial judge then, by order dated August 15, 1968, suspended the imposition of such sentence and placed Garcia on probation.

The said Robert Garcia was also charged, by indictment returned on September 19, 1968, in the District Court for San Patricio County, Texas, Criminal Action No. 3424, with the offense of theft of personal property of the value of more than Fifty Dollars ($50.00). Garcia, by pleadings sworn to on the 22nd day of October, 1968, contended the trial and conviction in the first case, Criminal Action No. 3388, barred prosecution in the subsequent Criminal Action No. 3424, because the former conviction constituted double jeopardy. Such motion was denied by the state trial court and Garcia was tried before a jury in the subsequent criminal action and found guilty, and, since in this second state court case he requested the Court to assess his punishment, the Court did so and fixed his punishment at confinement in the Texas Department of Corrections for a term of seven (7) years. He was remanded to jail to await further order of the Court.

In Criminal Action No. 3388, the State District Attorney, by petition filed on September 24, 1969, requested the revocation of probation of the said Robert Garcia, alleging that on or about February 28, 1969, he violated the terms of his probation. On the 24th day of September, 1969, the Court revoked the probation theretofore ordered, and ordered Garcia to be delivered to the sheriff for immediate delivery to the Director of Corrections of the State of Texas, and that said Garcia be confined in said Department of Corrections for not less than five (5) nor more than ten (10) years. The Court further ordered that said sentence should begin and operate from September 4, 1969.

At the same time, in Criminal Action No. 3424, the said Robert Garcia was ordered to be delivered by the sheriff of San Patricio County, Texas, immediately to the Director of Corrections of the State of Texas, to be confined for not less than two (2) years nor more than seven (7) years, and in this second case it was also ordered that said sentence would begin and operate from September 4, 1969. So, in effect, the two sentences run concurrently, except that No. 3424 is for a lesser term and will have been served before the expiration of the term assessed in No. 3388.

It is admitted that the offense charged by the indictment in Criminal Action No. 3388, and the offense charged by indictment in Criminal Action No. 3424, were performed by the said Robert Garcia and each arose out of the same set of facts and circumstances. In other words, the Defendant in Criminal Action No. 3388 was charged with the offense of burglary of a private residence at night, and in Criminal Action No. 3424 he was charged with the offense, committed at the time he burglarized the private residence at night, of the theft of a TV set in said private residence of the value of more than Fifty Dollars ($50.00). These two particular offenses constitute two separate and independent offenses under the statutes of the State of Texas.

Under the law of Texas, as announced in Pena v. State, 442 S.W.2d 691 (Tex. Cr.App.1969), double jeopardy does not exist under the facts before this Court. Robert Garcia, Petitioner herein, relies to a considerable extent on Ashe v. Swenson, Warden, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, which turned on the question, as stated by the Court, of ". . . whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again," and it answered the question by holding Ashe could not be tried again. It is important to recognize that Ashe was acquitted on his first trial.

The factual situation before this Court is not at all similar to *Ashe*. The case of Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153, is much more in point here. It is true the defendants in Morgan v. Devine were allegedly in violation of Federal criminal statutes, but this makes no difference as far as we are concerned. They were tried for breaking into a Post Office building and convicted, and they were tried again and convicted, for theft of property after they got inside the Post Office. The United States Supreme Court said, "We think it manifest that Congress, in the enactment of these sections, intended to describe separate and distinct offenses, * * *," and, in denying the application for habeas corpus on the ground of double jeopardy, said, "As to the contention of double jeopardy upon which the petition of habeas corpus is rested in this case, this Court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

It is interesting to note that in Ashe v. Swenson, the old case of Morgan v. Devine, 237 U.S. 632, 636 and 641, 35 S. Ct. 712, 59 L.Ed. 1153, was not even discussed. The obvious reason is that the fact situations in the two cases were so different that the Supreme Court did not need to even consider Morgan v. Devine in arriving at its decision in *Ashe*.

The questions involved here relate to facts which are not in dispute. There is nothing that the said Robert Garcia, the Petitioner herein, could testify to which would in any way change the total picture. This sort of case must be decided upon the record, and no evidentiary hearing is required. So, based upon the foregoing, the Petitioner's application for writ of habeas corpus should be, and it is hereby, denied.