Bobby Lee JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 48990.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Phoebe A. Lester, Houston, for appellant.

Carold S. Vance, Dist. Atty., James C. Brough, Mike Kuhn and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for the offense of burglary of a private residence at night with intent to commit rape. After appellant's plea of nolo contendere, the court assessed his punishment at ten (10) years' confinement in the Texas Department of Corrections.

By his sole ground of error, appellant contends that the court erred in overruling his special plea to dismiss this cause on the basis that prosecution for the instant offense constituted double jeopardy since he had been previously convicted of the offense of rape which arose out of the same transaction as the instant offense.

We observe at the outset that appellant's punishment in the instant case is identical to the ten (10) year sentence which he received for the rape conviction and that both sentences are to be served concurrently. The fact of identical concurrent sentences, however, does not preclude our review. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Ellis v. State, 502 S.W.2d 146 (Tex.Cr.App.1973); Duckett v. State, 454 S.W.2d 755 (Tex.Cr.App.1970). Neither does appellant's plea of nolo contendere to

the instant offense preclude our review. Ex parte Scelles, 511 S.W.2d 300 (Tex.Cr. App.1974).

■ Turning then to the merits of appellant's ground of error, we begin with the constitutional prohibition against a person being twice put in jeopardy for the same offense. Both the state and federal constitutions specifically phrase this prohibition in terms of "the same offense." United States Constitution, Amendment V; Vernon's Ann.St.Texas Constitution, Article I, § 14. Yet, as fundamental as the protection against double jeopardy is, it has no application where separate and distinct offenses occur during the same transaction. Gehrke v. State, 507 S.W.2d 550 (Tex.Cr.App.1974); Muncy v. State, 505 S.W.2d 925 (Tex.Cr.App.1974); Grant v. State, 505 S.W.2d 279 (Tex.Cr.App.1974).

Any confusion as to whether burglary of a private residence at night with intent to commit rape and rape itself are separate and distinct offenses is removed by the statutes in force at the time of appellant's conviction. Articles 1399 and 1400, Vernon's Ann.P.C., explictly provide that a person may be prosecuted for burglary and for any offense which he commits after entry. In two early decisions of this court, it was held that prosecution for burglary and assault with intent to rape was not barred. Jennings v. State, 80 Tex.R. 450, 190 S.W. 733 (1916); Byas v. State, 41 Tex.Cr.R. 51, 51 S.W. 923 (1899). While it is true that Articles 1399 and 1400, supra, do not mention burglary of a private residence at night, a different offense from burglary,[1] we have held that they apply to this offense as well. Pena v. State, 442 S.W.2d 691 (Tex.Cr.App.1969).

Appellant concedes that Articles 1399 and 1400, supra, were designed to establish separate offenses such as in the instant case, but urges that the "tests" of Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915), and Price v. State, 475

S.W.2d 742 (Tex.Cr.App.1972), indicate a denial of the protection against double jeopardy. These two cases actually illustrate the application of the statutes in the instant case. Morgan held that double jeopardy was not involved in convictions for burglary with intent to commit larceny and for theft of government property once insside the building or house. Noting that the federal statutes defined the two offenses as separate crimes, the Supreme Court held:

> "But the test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress." Morgan at 237 U.S. 640, 35 S.Ct. 714, 59 L.Ed. 1156.

Conversely, in Price convictions for false imprisonment and aggravated assault against the same person were held to constitute double joepardy and to violate the doctrine of carving. But in Price, unlike Morgan and the instant case, there was no statute specifically establishing two separate crimes.

A more serious challenge to continuing viability of Articles 1399 and 1400, supra, is presented by the doctrine of collateral estoppel announced in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and its progeny. As this writer noted in the concurring opinion in Hutchings v. State, 466 S.W.2d 584, 585 (Tex. Cr.App.1971), an acquittal for one offense and conviction for another offense made separate and distinct by virtue of Articles 1399 and 1400, supra, might in some cases violate the proscription against requiring an accused to relitigate a material issue which had already been decided favorably to him. In the instant case, however, no such problem is present since appellant's first trial resulted in conviction. The language of Ashe itself makes clear that col-

---

1. See Article 1391, Vernon's Ann.P.C.; Bowie v. State, 401 S.W.2d 829 (Tex.Cr.App. 1966); Pierce v. State, 401 S.W.2d 238 (Tex. Cr.App.1966).

lateral estoppel does not obtain when the first trial results in conviction. See also: Joshlin v. State, 488 S.W.2d 773 (Tex.Cr. App.1972); Bradley v. State, 478 S.W.2d 527 (Tex.Cr.App.1972).

Because of the statutes in effect at the time of the offense and the trial, we cannot say that appellant's conviction for rape barred a subsequent conviction for burglary of a private residence at night with intent to commit rape even though both offenses were committed during the same transaction or episode. For the same reason, the carving question which has divided this court in such cases as Lee v. State, 505 S.W.2d 816 (Tex.Cr.App.1974), and Douthit v. State, 482 S.W.2d 155 (Tex.Cr.App.1971), is not present. We note, however, that Articles 1399 and 1400, supra, are not carried over into the new penal code and expressly reserve the question of what effect § 30.02, V.T.C.A., Penal Code (1973), will have upon future prosecutions.

The judgment is affirmed.