Joseph Allen MAGNESS *v.* STATE of Arkansas

CR 74-125                                        518 S.W. 2d 479

Opinion delivered February 3, 1975

*Don Langston*, Public Defender, and *Hubert Graves,* Dep. Public Defender, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Joseph Allen Magness was convicted in the Sebastian County Circuit Court on the charge of possession of contraband substances with the intent to deliver. He was sentenced to five years in the penitentiary with two years suspended. Magness was represented at his trial by employed counsel, but is represented on this appeal by the Public Defender.

On appeal to this court Magness contends that the trial court erred in refusing to quash the information filed against him, and in ruling that he (Magness) "did not come within Ark. Stat. 82-2621 and 43-1224.1 through 43-1224.4. . . ."

Ark. Stat. Ann. § 82-2621 (Supp. 1973) reads as follows:

"Foreign conviction. — If a violation of this Act [§§ 82-2601 — 82-2638] is a violation of a Federal law or the law of another State, a conviction or acquittal under Federal law or the law of another State for the same act is a bar to prosecution in this State."

Ark. Stat. Ann. § 43-1224.1 through § 43-1224.4 (Supp.

566

1973) read as follows:

"43-1224.1. Acquittal or conviction as bar.— Offense against United States or another state. — When a person has been either acquitted or convicted, on the merits, of an offense against the United States or against another state or territory thereof, the acquittal or conviction is a bar to prosecution for an offense against this State, or any governmental subdivision thereof, when the two [2] offenses were committed in the same course of conduct and are of the same character.

43-1224.2. 'Same character' defined. — For purposes of this act [§§ 43-1224.1 — 43-1224.4] two [2] offenses are of the same character when the elements which must be proved to obtain a conviction of one offense are not substantially different from the elements which must be proved to obtain a conviction of the other. In determining whether such elements are not substantially different, the court shall compare the respective purposes of the laws defining the two [2] offenses, as such purposes relate to the particular course of conduct of the defendant. Provided, however, that

(a) Differences attributable solely to the fact that the defendant's conduct affected, in the same manner, the person or property of two [2] or more individuals, and

(b) Differences consisting of elements necessary merely to establish subject matter jurisdiction, shall not be considered in deciding whether the two [2] offenses are of the same character.

43-1224.3. 'Acquittal' and 'conviction' defined. — (1) There is an acquittal on the merits if the prosecution resulted in a finding of not guilty by the trier of fact, or in a determination that there was insufficient evidence to warrant a conviction.

(2) There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside

and which is capable of supporting a judgment, or a plea of guilty accepted by the court.

43-1224.4. Application — Time to plead. — (1) This act [§§ 43-1224.1 — 43-1224.4] does not apply to pending prosecutions.

(2) The time for pleading the bar to prosecution provided for herein, in prosecutions commenced after the effective date hereof, shall be at the regular time for pleading double jeopardy under Arkansas Constitution Article II, Section 8."

We agree with the trial court that Magness presents an ingenious argument, but neither do we find merit in his contentions.

The pertinent facts are briefly these: Magness was arrested in Oklahoma for public drunkenness and a search of his automobile revealed some contraband drugs concealed in the steering column of his automobile. A drugstore at Hartford near Fort Smith had been burglarized and some drugs had been taken therefrom. Magness maintained a rented apartment in Fort Smith and in the process of investigating the drugstore burglary, the Arkansas police officers searched the apartment under a valid search warrant and found a quantity of controlled drugs in a paper bag.

The Arkansas officers took the paper bag containing the drugs to Oklahoma; confronted Magness with the bag and contents and questioned him concerning the burglary at Hartford. Magness denied any knowledge of the burglary but readily admitted ownership of the drugs found in his apartment.

Magness was charged in Oklahoma with possession of drugs with intent to sell under the laws of that state, but the charge in Oklahoma was subsequently reduced to mere possession. Magness pleaded guilty to the reduced charge in Oklahoma and was sentenced to six months in jail on the reduced charge. In the meantime, Magness was charged in Arkansas, as already stated, and upon release from jail in

Oklahoma, he waived extradition and was returned to Arkansas for trial. Magness filed a motion to quash the information filed against him in Arkansas contending that he had already been convicted of the same offense in Oklahoma. The trial court denied the motion to quash; a jury trial was waived and trial before the court sitting as a jury resulted in the conviction and judgment from whence comes this appeal.

Magness readily admitted that he owned the drugs found in his Fort Smith apartment and taken to Oklahoma by the Arkansas officers. He said the Arkansas officers confronted him with the drugs from his apartment while questioning him in Oklahoma about the Arkansas burglary. He said he was never confronted with the drugs taken from the steering column of his automobile in Oklahoma, and he thought he was pleading guilty in Oklahoma to possessing the drugs in Arkansas. He argues that, in any event, before he left Fort Smith to go to Oklahoma, he took some of the drugs from the paper bag in his apartment and, not wanting to carry the drugs on his person, he placed them in a cigarette package and then placed the package in the steering column of his automobile. He said he only possessed the drugs in Oklahoma for his own private use. He argues that the drugs found in the steering column of his automobile in Oklahoma were a part of the same drugs found in his apartment in Arkansas, and that his plea of guilty to possession in Oklahoma precluded a trial in Arkansas for possession in Arkansas with intent to deliver.

We are of the opinion that the trial court did not err in denying the motion to quash the information. The Oklahoma Court record is not before us nor do we have jurisdiction of the Oklahoma proceedings. We are, therefore, unable to say what drugs Magness was confronted with in Oklahoma, or whether a confrontation was necessary to his conviction on plea of guilty under the Oklahoma law and procedure. Certainly there is nothing in the record before us indicating that Magness was charged and convicted in Oklahoma with possessing the controlled substances in Arkansas. If Magness was charged and convicted in Oklahoma of possessing drugs in Arkansas, it would appear that an assignment of error should have been addressed to the Oklahoma Courts for cor-

rection. It would appear that the Oklahoma Court may have accepted Magness's explanation that he had the drugs in the steering column of his automobile for his own use and not for sale, and that was the reason the court reduced the charge to possession only and accepted Magness's plea of guilty to possession.

There is no evidence that the drugs found in Magness's apartment in Fort Smith ever left the possession of the Arkansas officers while interviewing Magness in Oklahoma and, certainly there is no evidence that Magness ever came into possession of the drugs from his Arkansas apartment while the Arkansas officers had the drugs in Oklahoma.

We are not called on to determine in this case what the situation would have been if Magness had taken all of his drugs to Oklahoma and had been convicted of possession with intent to sell in that state and then subsequently been charged with possession with intent to sell the same drugs in Arkansas. We are not called on to interpret and define §§ 43-1224.1 — 43-1224.4, *supra,* because the offenses in the case at bar were not committed in the same course of conduct, and are not of the same character as the misdemeanor to which Magness pleaded guilty in Oklahoma.

There was evidence that some of the drugs in the paper bag found in Magness's Fort Smith apartment were different from the kind he possessed in Oklahoma. In the case of *Bins* v. *United States,* 331 F. 2d 390 (1964), the court said:

> "[I]t is well settled that the test for determining whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915)."

See also *Velasquez* v. *United States,* 244 F.2d 416; *Wilburn* v. *United States,* 326 F.2d 903 (1964).

The judgment is affirmed.